## FANNIE JOHNSON *vs.* CITY OF ST. PAUL.

Argued by respondent, submitted on brief by appellant, Dec. 19, 1892.   Decided Jan.
25, 1893.

**Personal Injury from Decayed Sidewalk.**

> When, according to the allegations of a complaint, the worn-out, rotten, and generally bad condition of a sidewalk was the primary cause of certain injuries said to have been received by the plaintiff when walking thereon, it is competent to show upon the trial that such was the condition of the walk a reasonable period of time after the accident.   Proof that this condition existed four weeks subsequent to the day on which the injuries were received is admissible.

**Notice of the Injury to the Mayor or Clerk.**

> By the heading of a notice that such injuries have been received, required by the terms of Sp. Laws 1885, ch. 7, § 19, it was addressed to the mayor and common council of the city, but it was delivered to the city clerk, and thence took its regular course.   *Held,* that the error in address, if there was one, was unimportant.

Appeal by defendant, the City of St. Paul, from an order of the District Court of Ramsey County, *Egan,* J., made June 1, 1892, denying its motion for a new trial.

On March 21, 1891, the plaintiff, Fannie Johnson, was walking on the plank sidewalk along the east side of Sibley street between Norris and Spruce streets in St. Paul.   It was eight o'clock in the evening and quite dark.   She stepped with her left foot into a hole in the walk and fell, twisting and dislocating the ankle joint.   It was "everted and slightly rotated, ligaments were ruptured and scaphoid bone given prominence."

On April 17, 1891, a notice was served on the City Clerk stating the date and place of the accident and that plaintiff claimed of the City $5,000 damages.   It was addressed "To the Honorable, the Mayor and the Common Council of the City of St. Paul."   This action was commenced May 6, 1891, and was tried March 29, 1892. T. E. Parker, a witness for plaintiff, examined the walk on April 17, 1891, and under objection and exception, testified as to its condition on that day.   He stated it was old and decayed, that there was a

broken plank at the place where plaintiff claimed she fell.    She had a verdict for $1,000.    Defendant moved for a new trial and being denied, appeals.

*Dan W. Lawler*, City Attorney, for appellant.·

There was no foundation for the testimony of the witness Parker. He went to examine the place four weeks after the accident.    He testifies as to the general condition of the walk at that time, and there is nothing in the whole case to connect it with the condition four weeks earlier, or to connect the broken plank he speaks of, with the place of the accident.

By Sp. Laws 1885, ch. 7, § 19, it is enacted that no action like the present shall be maintained unless notice shall be given, either to the Mayor, or the City Clerk, within thirty days of the occurrence. That notice in this case is insufficient.    It is a notice to the Mayor and the Common Council.    Although addressed to the Mayor, it was not given to him.    It was addressed to the Common Council and reached the Council the same as any communication to that body.    It could not reach the Council without going through the hands of the City Clerk.    It was not addressed to the City Clerk, and it could not be a notice to him.    It is not possible for the City Clerk to carefully examine every communication addressed to the Common Council, to ascertain if it is a notice given to him of a personal injury in the streets.    *Harder* v. *City of Minneapolis*, 40 Minn. 446.

*Frederick L. McGhee*, for respondent.

The evidence of the witness Parker was competent and relevant. *Munger* v. *City of Waterloo*, 83 Iowa, 559; *Hoyt* v. *City of Des Moines*, 76 Iowa, 430; *McConnell* v. *City of Osage*, 80 Iowa, 293.

The notice was sufficient.    It is of more importance that the notice should go to the right party than that it should be properly addressed to him.    *City of La Crosse* v. *Village of Melrose*, 22 Wis. 459; *Nichols* v. *City of Minneapolis*, 30 Minn. 545; *Harder* v. *City of Minneapolis*, 40 Minn. 446.

COLLINS, J.    According to the complaint herein, the primary cause of the injuries said to have been received by plaintiff was the negli-

gence of defendant city in keeping in repair a sidewalk at a particularly described point, which walk she alleges had become rotten, worn-out, broken, full of holes, and dangerous, so that, when she was walking on the same at this particular point, she was tripped by a loose plank, and, stepping into one of the holes, was violently thrown down. It was therefore proper and important for her to show the rotten and worn-out, or general, condition of the walk at and about the time of the accident, so that, from proof of this general condition, the presumption might arise that defendant knew, or ought to have known, all about it, and was careless and negligent in allowing such a state of affairs to continue. It was competent to show the general condition of the walk within a reasonable time after the day of the accident; for it is a matter of common knowledge that the wearing out, the natural decay, and general defective character of a sidewalk is not the work of a week or a month. The process which tends to its natural destruction is gradual; and, if the walk in question was in the bad condition described by the witness when he examined it, it is safe to assert that it had not materially changed within four weeks. Its worn-out and unsafe condition when examined by the witness antedated the day on which the injuries were received, beyond all doubt.

On the trial plaintiff's counsel offered in evidence a paper which he claimed was sufficient notice of the injuries, and was properly served, under the provisions of Sp. Laws 1885, ch. 7, § 19, requiring that such a notice be served on the mayor or city clerk within thirty days after the injuries have been received. The objections made by the city to the introduction of this paper in evidence, at first, were that it was incompetent, immaterial, and irrelevant; but finally counsel stated that the real objection was that the notice had not been addressed as it should have been. On its face it was addressed to the mayor and common council of the city, but it was served in due time upon the city clerk, and thereafter took its regular course, which brought it before the city council thirty-one days after the occurrence therein mentioned. The notice, and its manner of service, would have been unassailable, if it had actually been served on the mayor. Nor could it have been objected to if it had not been addressed to

any particular person or body, but had been served, exactly as it was, by delivery to the city clerk. So that one of the officers upon whom the statute requires written notice to be served within a specified period of time was actually served with the notice, within the period prescribed, and it was sent immediately to the council. The error in the address in the heading of the document was slight and unimportant, and did not mislead any one, or destroy its effect. It is of more importance that such a notice should be served on the right party, than that it should be properly addressed to him. Wade, Notice, § 630.

Judgment affirmed.

(Opinion published 54 N..W. Rep. 735.)