C. IDA ROBERTS v. VILLAGE OF ST. JAMES.

June 9, 1899.

Nos. 11,528—(127).

**Municipal Corporation—Notice of Personal Injury—Laws 1897, c. 248.**
It is a sufficient service of the notice required by Laws 1897, c. 248, to be given to the common council or other governing body of a municipality as a condition precedent to the bringing of an action against it for injuries sustained by its negligence, if the notice is directed to such council, and delivered, for filing, to the recorder or other officer having the custody of the records and files of the council, within the time limited by the statute.

Action in the district court for Watonwan county to recover $15,000 damages for personal injuries. The case was tried before

Quinn, J., and a jury, which rendered a verdict in favor of plaintiff for $581.25. From an order denying a motion for a new trial defendant appealed. Affirmed.

*W. S. Hammond* and *Lorin Cray*, for appellant.

*A. R. Pfau, Scager & Lobben* and *Ashley Coffman*, for respondent.

START, C. J.[1]

Action for the recovery of damages sustained by the plaintiff by reason of a defective sidewalk. Verdict for the plaintiff, and the defendant appealed from an order denying its motion for a new trial.

The defendant's sole contention here is that the plaintiff did not give notice of her injury and present her claim for compensation to the village council, as required by Laws 1897, c. 248. Within 30 days after her injury, the plaintiff signed and verified a written notice of her injury and claim for compensation therefor, which was directed to the village council, and in form and substance complied with the statute. Her attorney acting for her, and while the village council were in actual session, handed to and left with each member thereof and with the recorder of the village a copy of such notice. Thereupon the council resolved to refer the same to the attorney of the village. On the next day the plaintiff's attorney handed to and left with the president of the council the original notice, who sent it to the recorder, who filed it in his office. All this was done within the time limited by the statute.

How the notice of injury must be given and claim for compensation presented to the council or other governing body of the municipality the statute does not direct. It must be done in some practical and effective way, and in determining the sufficiency of the method adopted in any particular case technical strictness will not be required; a substantial compliance with the statute is all that is necessary. In the cases of Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029, and Lyons v. City of Red Wing, supra, page 20, we indicated some of the orderly methods for giving the notice of the injury and presenting the claim for compensation to the council. The method suggested for serving the notice when the council was

[1] BUCK, J., took no part.

not in session was to direct the notice to the council, and leave it with the clerk or other officer who had charge of the record and files of the council, with a request annexed that it be laid before the council at its next meeting; but the court did not hold that the suggested method was the exclusive one. In the case under consideration the notice was filed with the recorder within the required time.

The fact that it passed through the hands of the president of the council before it reached the recorder is not material. The omission to annex to the notice a request that it be laid before the council was not fatal, for the notice was directed to the council, and it was the duty of the recorder to lay it before that body at its next meeting, whether requested to do so or not. If it were necessary to give notice of the injury, and present the claim for compensation therefor to the council at a meeting thereof, all that it would be necessary for the council to do to prevent the injured party from ever bringing an action to recover compensation for his injuries would be to refrain from meeting for 30 days after the injury occurred. Whether the attempted service of the notice in this case upon the council when it was in session was valid it is unnecessary to determine, for we hold that the notice of the injury was given and claim for compensation therefor presented to the council, as required by the statute, by filing the original notice, directed to the council, with the recorder.

Order affirmed.