EMMA H. A. PETERSON v. VILLAGE OF COKATO.[1]

October 18, 1901.

Nos. 12,756—(59).

### Village—Statutory Control of Streets.

The general statutes providing for the incorporation of villages confer upon the municipalities the exclusive control and supervision of all streets and public grounds within their limits, invest the authorities with power to levy and collect taxes to keep and maintain the same in repair, and from this follow the duty and obligation to do so. The court takes judicial notice of this statutory duty, and it is not necessary to plead or prove the statutes.

### Incorporation under General Statutes.

It is *held* in this action that it sufficiently appears from the record that defendant was incorporated as a village under the general statutes of the state.

### Personal Injury—Service of Notice—Village Recorder.

To be effectual as a notice to the common council of an incorporated village, the notice of claim for damages required to be given by Laws 1897, c. 248, where served upon the village recorder, as custodian of the records and files of the council, must be served upon that officer at his office or place of transacting the official business pertaining to his office. It is *held* in this case that the evidence is sufficient to justify a finding of a proper service of such notice.

### Same—Village Council.

Where the notice is thus properly served, it is immaterial, in so far as the right of recovery against the municipality is concerned, whether the recorder presented the same to the village council for their action or not.

### Verdict Sustained by Evidence.

Evidence examined and considered, and *held* to sustain the verdict of the jury.

Action in the district court for Wright county to recover $10,000 for personal injuries alleged to have been caused by a defective sidewalk in defendant village. The case was tried before Giddings, J., and a jury, which rendered a verdict in favor of plaintiff

[1] Reported in 87 N. W. 615.

for $1,500. From an order denying a motion for judgment in its favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*A. T. Larson* and *James C. Tarbox*, for appellant.

*F. E. Latham*, for respondent.

BROWN, J.

Action for damages for personal injuries alleged to have been caused by the defective condition of a sidewalk in defendant village. Plaintiff had a verdict in the court below, and defendant appeals from an order denying a new trial. There are several assignments of error, but counsel for appellant discuss in their brief only four propositions.

1. It is contended that there was no evidence to show that defendant was charged by law with the duty to keep and maintain its streets and highways in good repair for public use, and that because of the absence of this evidence the action should have been dismissed by the court below.

The duty imposed upon a municipality to keep and maintain its streets in reasonably good condition for public use is, of course, statutory, and, unless defendant in this case was charged by its incorporation with that duty, no recovery can be had against it. The general statutes providing for the incorporation of villages expressly confer upon the municipalities the exclusive control and supervision of all streets, highways, and public grounds within their limits, and invest the authorities with power to levy and collect taxes to keep and maintain such streets and public grounds in good repair for public use; and from this follows the duty on the part of the corporation to do so. The court takes judicial notice of this statutory duty and obligation, and it is not necessary to plead or prove the statute.

The only question in this connection is whether it sufficiently appears from the pleadings and evidence that defendant was incorporated under the general statutes providing for the incorporation of villages. It seems to us that there can be no serious controversy but that such fact is shown. It is alleged in the complaint that

"Defendant was, and still is, a municipal corporation duly organ-ized, created, and existing under and by virtue of the laws of the state of Minnesota for the general purposes of municipal govern-ment, including the purpose, among other things, of maintaining streets, highways, and sidewalks thereon."

The answer expressly admits that defendant is a municipal cor-poration organized and existing under the laws of the state.

Under these allegations of the complaint and admissions of the answer it must be presumed that defendant was incorporated under the general statutes, for at the present time there is no other mode of becoming incorporated as a village. As noted above, the general statutes impose upon a village the duty and responsibility of keeping its streets and highways in reasonably safe repair for public use, and if the defendant was for any reason relieved of that responsibility by the manner of its incorporation or otherwise the burden was, under the pleadings, upon it to show the fact. If defendant was so incorporated (and it must be pre-sumed under the pleadings that it was), it could not be relieved of that duty. It was bound to assume and perform all duties and obligations imposed by the provisions of the statute under which it derived its existence. The suggestion of counsel that it may have become incorporated as a village by prescription and recog-nition by the public is not in harmony with the admission in the answer that it was incorporated "under the laws of the state of Minnesota."

2. It is contended that the notice of claim for damages given under and pursuant to the provisions of Laws 1897, c. 248, is not shown to have been properly served, and also that the court erred in excluding evidence offered by the defendant to the effect that the notice claimed to have been served was never presented to or acted upon by the village council.

There is nothing in either contention. There is no dispute but that a claim for damages in proper form, addressed to the common council, was served upon the recorder of the village prior to the commencement of this action, and that a service upon that officer is a sufficient compliance with the statute. Roberts v. Village of St. James, 76 Minn. 456, 79 N. W. 519. What counsel com-

plain of in this connection is that the evidence fails to show that the notice was delivered to the recorder at his office; that, for aught that appears from the evidence, it may have been served when the recorder was out of town on some hunting expedition, or in another state. It having been shown that the notice was served upon him, the natural inference is that it was properly served, as respects time and place; and, if there was any defect in such service of the nature suggested, defendant should have offered evidence to prove it.

While counsel are undoubtedly correct in their contention that, to constitute a valid service under this statute, where made by delivering the notice or claim to the village recorder as the recording officer of the council and the person in charge of its records and files, the notice should be served by delivering the same to that officer at his office, and not elsewhere, there is no intimation in the record in this case but that it was so delivered to him, and the evidence fully justifies a finding that it was properly served. It would not do for this court to reverse the order appealed from on the mere possibility that the notice was served upon the recorder at an improper place. In the case of Schulte v. First Nat. Bank, 34 Minn. 48, 24 N. W. 320, cited and relied upon by appellant, it affirmatively appeared that a complaint attempted to be filed in the office of the clerk of the district court was in fact delivered to the clerk at a place other than his office, and the court expressly found as a fact that the clerk never filed the same with the records in his office. Such facts do not appear in this case.

It is not important, in so far as plaintiff's right of action is concerned, whether the notice or claim for damages was delivered by the recorder to the village council, or acted upon by that body, or not. A proper service upon the recorder was all the law required, and the failure of the recorder to present the notice or claim to the council in no way affected plaintiff's right of recovery. She was not required to follow up the recorder, and see that he presented it to the council. The notice was properly addressed to the council, and contained a request that the recorder present it to that body for its action.

3. We have examined the evidence very carefully, and reach the conclusion that the verdict of the jury cannot be disturbed. Though the case made for plaintiff is not beyond controversy, the evidence reasonably tends to support the claim that plaintiff was injured at the time stated, that the sidewalk causing her injury was defective, and had been defective for such length of time as to constitute constructive notice to the village. Plaintiff's husband testified that the plank which broke and struck plaintiff was rotten, and that the stringers supporting the planks in the immediate vicinity were also rotten, and badly decayed.

A municipality is bound to take notice of the certain tendency of wooden sidewalks to decay, and to exercise reasonable care to repair and replace rotten and decayed portions thereof. If the sidewalk was as rotten and worn out as testified by the witnesses, such condition must, in the nature of things, have continued for a considerable length of time, and have been such as to constitute at least constructive notice to the authorities. Furnell v. City of St. Paul, 20 Minn. 101 (117); Johnson v. City of St. Paul, 52 Minn. 364, 54 N. W. 735; Hall v. City of Austin, 73 Minn. 134, 75 N. W. 1121. It was for the jury to say whether plaintiff's evidence on this subject was true. They found in plaintiff's favor, and the evidence is not, taken as a whole, so clearly and palpably against the finding as to justify interference by this court. Perhaps the atmosphere of the case may, in a measure, sustain the observations of appellant's counsel on the subject of the real cause of plaintiff's injury, but the evidence is not such as to justify so declaring as a matter of law.

4. The learned trial judge instructed the jury, after they had been out some twenty-four hours, or more, in urging them to agree upon a verdict, if possible,

"Of course, the court has no intimation as to how you are divided in this matter, but, if there is a large number on one side, and a small number on the other, the court would suggest that the minority should take that fact into consideration, and consider it carefully as to whether or not they are not mistaken."

Appellant complains of this as prejudicial error, but whether it was or not we cannot determine, for no exception was taken in

the court below. We may say however in passing that this form of instruction is not to be commended.

We have examined all the other assignments of error, and find no reversible error.

The order appealed from is affirmed.