MARY CRANDALL v. WALTER D. BOUTELL and Another.[1]

June 2, 1905.

Nos. 14,358—(169).

**Master and Servant.**

    A master is responsible for the negligent conduct of his servants in furtherance of the master's business and within the line of their duty, although in excess of express instructions.

**Negligence of Servant.**

    In this case a vendor sent his servants with a stove to "set it up" in the vendee's house. When their attention was called to refuse matter in the chimney, they promised to remove the same, but did not, and put up the stovepipe so that the vendee was asphyxiated by gas discharged in consequence. *Held*, that the master was responsible for such negligent act.

Action in the district court for Hennepin county to recover $2,500 for personal injuries caused by escaping coal gas, resulting from the alleged negligence of defendant's servants in the erection of a coal stove. The case was tried before Brooks, J., who granted defendants' motion to dismiss the action, upon the conclusion of plaintiff's testimony. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

    *F. D. Larrabee* and *Mathias Baldwin,* for appellant.

    *Welch, Hayne & Hubachek,* for respondents.

JAGGARD, J.

    The complaint in this case alleges that the plaintiff and her husband bought a coal stove of the defendants, who agreed to put up the stove, and connect the same with the chimney in the house by and with an ordinary stovepipe; that while the defendants were setting up the stove they discovered that the part of said chimney where the pipe was to be connected was stuffed full of brick, mortar, and other refuse matter, and that no draft could be had through any pipe

[1] Reported in 103 N. W. 890.

that might be put into said chimney while the same was in this condition; that the defendants notified the plaintiff of this fact, and agreed to take said refuse matter from said chimney; that plaintiff supposed they had done so, whereas, in fact, they had put the pipe in the chimney without first removing the refuse matter therefrom; that, by reason of defendants' negligence, plaintiff was afterwards asphyxiated, and suffered damage. The only witness sworn testified:

> I bought the stove, and I agreed to pay $55 for the stove, and they agreed to bring the stove up and set it up.

Plaintiff's counsel then asked her to relate her conversation with the two men who brought the stove to her house, with respect to anything in the chimney obstructing the draft. Upon an objection by the defendants, plaintiff offered to prove as follows:

> I propose to prove by this witness and others that the men who put up the stove were sent by Boutell Bros., and that they * * * put it.up by .connecting it * * * with the chimney which was there in the house. I propose to prove that the chimney was stuffed up with brick and mortar and soot so that there was no draft; that these men notified the plaintiff of that fact, and agreed then and there to take out the soot and the mortar and brick; * * * that in truth and fact they did not take it out; they put the pipe in the chimney, and put it right up against the brick and the soot and the mortar, so that there was, in truth and fact, no draft. I can prove no authority in these men, other than that they were delivering the stove which she bought of the defendants, and putting it up as the defendants had agreed to put it up. * * * As a result of building the fire in the stove, and of the bricks and soot not having been taken out—the pipe having been put right up against it, and there being no draft there—the burning coal gave forth gas, which escaped in the house. * * * I would not prove authority, except such as would be implied from the fact that the men were sent by defendants. I don't claim a liability based on any specific directions given by the defend-

ants to these men relative to the taking out of the soot or the brick. That the injury was caused by the failure to take the refuse matter out of the chimney which clogged the draft.

The objections to the question and to the offer were sustained. Defendant moved to dismiss, and the court granted the motion. From an order denying plaintiff's motion for a new trial, this appeal was taken.

The question thus presented is whether the defendants are responsible in damages for the negligent act of their employees. Defendants' counsel contends that such employees were not negligent in any matter for which the defendants are responsible; that the cleaning out of bricks, mortar, and soot from a chimney is not within the scope of the agency of a servant who is sent out by his master to set up a stove. It is settled beyond any possibility of controversy that the law may hold the master responsible for the torts of his servants in cases in which he could not have been held liable under either the particular or general command test, and that the master's liability applies to cases of implied as well as express authority. The rule in this state is the general one, namely, the master is responsible for the torts of his servants, done with a view to the furtherance of the master's business, whether the same be done negligently or wilfully, but within the line of his duty. The fact that the servant, in committing the tort, may have exceeded his actual authority, or even disobeyed his express instructions, does not alter the rule. Smith v. Munch, 65 Minn. 256, 68 N. W. 19; Mulvehill v. Bates, 31 Minn. 364, 17 N. W. 959; Walters v. Pioneer Fuel Co., 52 Minn. 474, 55 N. W. 52; Schubert v. J. R. Clark Co., 49 Minn. 331, 51 N. W. 1103; Philadelphia & R. R. Co. v. Derby, 14 How. 468; Singer Mnfg. Co. v. Rahn, 132 U. S. 518, 10 Sup. Ct. 175; Enos v. Hamilton, 24 Wis. 658; Rounds v. Delaware, 64 N. Y. 129; 1 Am. & Eng. Enc. (2d Ed.) 1151; 20 Am. & Eng. Enc. (2d Ed.) 163.

In this case the conduct of the men was immediately connected with and incidental to the putting up of the stove. The damage was the result of the manner of their performance of their duty. The wrong is not to be based on the violation of a new agreement made by the plaintiff with these men to clean the chimney of certain refuse mat-

ter. Their conduct was in course of their employment in furtherance of their master's business, and did not constitute an independent tort.

Order reversed and a new trial granted.

On June 20, 1905, the following opinion was filed:

PER CURIAM.

The defendants petitioned the court for a rehearing and reargument in this appeal, upon the impression that the opinion in this case laid down the rule, as a matter of law and for all purposes, that the conduct of the men who undertook to clean the plaintiff's chimney was connected with and incident to the putting up of the stove. In point of fact, this court held, upon the issues presented to it for adjudication, that the trial court was in error in granting defendants' motion to dismiss, and that the conduct complained of was the employer's as a matter of law for the purposes of this appeal only, just as it held upon a demurrer that the facts alleged in the pleading are true as a matter of law. Upon actual trial it will be for the district court to decide, in the exercise of its own judgment, whether the court as a matter of law, or the jury as a matter of fact, should determine the employer's liability for the conduct of the employees here complained of. This court has not considered nor predetermined that question upon this appeal.