AUGUSTA RITSCHDORF v. CITY OF ST. PAUL.[1]

July 7, 1905.

Nos. 14,335—(162).

**Defective Sidewalk.**

  Action to recover damages sustained by the plaintiff in breaking through a defective sidewalk. *Held*, that the evidence sustains the verdict as to the place of the injury and as to notice of the defect to the defendant.

Action in the district court for Ramsey county to recover $10,000 for personal injuries. The case was tried before Kelly, J., and a jury,

[1] Reported in 104 N. W. 129.

which rendered a verdict in favor of plaintiff for $750. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. C. Michael* and *G. R. O'Reilly,* for appellant.

*Samuel A. Anderson,* for respondent.

START, C. J.

Action to recover damages for personal injuries alleged to have been sustained by plaintiff breaking through a defective wooden sidewalk, in the city of St. Paul, on the north side of Fuller street, at a point about ninety-five feet west of Dale street. The basis of her claim to recover is the alleged negligence of the defendant in keeping the sidewalk in repair. There was a verdict for the plaintiff for $750, and the defendant appealed from an order denying its motion for judgment or for a new trial. The sole question presented by the record is whether the verdict is sustained by the evidence. It is the contention of the defendant that there is no evidence to sustain the verdict as to two vital particulars, namely, as to the place of the accident, and notice to the defendant of the defective condition of the sidewalk.

1. The notice to the city of the time, place, and circumstances of plaintiff's injury and complaint states that the injury occurred on the sidewalk at a point about ninety-five feet west of Dale street, on the north side of Fuller street. There were two witnesses, the plaintiff and another, who testified as to the place of the injury. The plaintiff testified through an interpreter, and the record would indicate that she was confused as to the exact place of the injury. She stated that it was a block and a half west of Dale street. But the witness called in her behalf, who was with her when the accident occurred, testified positively that the place was ninety-five feet west of Dale street on the north side of Fuller street, that she knew the locality, visited it two or three weeks after the accident, pointed it out to a third party, who, in her presence, measured the distance from it to Dale street, and found that it was ninety-five feet. It is true that she testified on cross-examination, in answer to the defendant's question, that the plaintiff was injured a block and a half west of Dale street. The evidence was sufficient to support the finding of the jury to the effect that the injury occurred at the place stated in the notice and complaint. The seeming

conflict in the testimony of the witnesses was a matter for the jury.

2. There was no direct evidence offered on the trial that the defendant had notice of the defect in the sidewalk, but the indirect evidence was ample. The walk was a wooden one, and the defendant was bound to take notice of its certain tendency to decay, and to exercise ordinary care in inspecting and repairing it. If the sidewalk broke by reason of the weight of the plaintiff upon it, and was decayed, as the evidence tended to show, its defective condition must have continued for a sufficient length of time to constitute notice of the condition of the walk to the defendant. Peterson v. Village of Cokato, 84 Minn. 205, 87 N. W. 615. The verdict is sustained by the evidence on all points.

Order affirmed.