## PETER PENEFF v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY.[1]

June 19, 1925.

No. 24,746.

**Evidence as to defects in hand brake of ore car being conflicting, question of defendant's negligence was for the jury.**

1. For plaintiff there is testimony that the gear of the hand brake of an ore car was so worn and loose as to permit the cogs to slip under the force customarily used in setting the brake. For defendant, there is evidence of inspection and that the mechanism was in proper condition. Plaintiff testified that he was thrown from the ore car and injured because of the slipping of the brake while he was setting it. The conflict in the evidence made the question of defendant's negligence one for the jury.

**Railroad must use due care not to expose servants of shipper to danger from defective car.**

2. A railroad company owes the duty of due care to the servants of a shipper who will be exposed to danger arising from defects in a car turned over to the shipper for loading. If the shipper is under any duty of inspection, a failure therein will not amount to an independent, intervening cause of injury.

**Verdict not excessive.**

3. A verdict for $10,428 for damages caused by an injury, resulting among other things in the amputation of plaintiff's left leg just below the knee is not excessive.

1. See Railroads, 33 Cyc. pp. 907, 908.
2. See Railroads, 33 Cyc. p. 765 (Anno).
3. See Damages, 17 C. J. p. 1109, § 439.

2. See note in 9 L. R. A. (N. S.) 857; 22 R. C. L. 933.
3. See note in L. R. A. 1915F, 30; 8 R. C. L. p. 674 et seq.; 2 R. C. L. Supp. p. 638; 4 R. C. L. Supp. p. 567, 5 R. C. L. Supp. p. 480.

[1]Reported in 204 N. W. 524.

Action in the district court for St. Louis county. The case was tried before Freeman, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Frank D. Adams, Elmer F. Blu* and *Dennis F. Donovan*, for appellant.

*Gannon, Strizich & Farnand*, for respondent.

STONE, J.

Action for personal injuries. After a verdict for plaintiff, defendant appeals from the order denying its motion for judgment notwithstanding or a new trial.

The injuries were sustained by plaintiff while he was engaged as a car "lander" in the employ of the Shenango Furnace Company at the Webb mine near Hibbing. Defendant had placed a string of ore cars at the upper end of a gravity track ready to be let down to the ore pockets for loading. It was plaintiff's duty, as the cars were needed, to release the brakes and permit them to move by gravity to the pockets and to set the brakes and thereby stop them when in proper position for loading. On the occasion in question he had just "dropped" five empty cars to the pockets. Two had been loaded and he had spotted another in position to receive ore, the first two having been permitted to move onward out of the way. After setting the brake on the third car, plaintiff waited for his partner in the "pockets up stairs" to open the chutes, which was done. When the car was about half full, it "started to shake a little bit * * * to go down the hill." What then happened is narrated by plaintiff thus: "I jumped on the brake to stop it and the brake came loose—just said B-z-z-z, and I fell right backward; * * * between two cars on the track and lit with my leg right on top of the rail and the first wheel went right through my leg."

The brake was of the three-to-one variety and plaintiff was using a steel bar or club to increase his leverage. The main proof of negligence came from a witness who examined the car and particularly the hand brake mechanism immediately after plaintiff was

hurt. On the brake shaft and immediately under the platform is a 3-inch cog wheel meshing with another 9 inches in diameter. The latter is mounted upon and actuates a short shaft, which, through a chain winding around it as it is turned, conducts the force which applies the brake shoes to the wheels.

That witness, Dargan, testified that the cogs on the two wheels immediately under the platform were so much worn that when, in the course of his inspection immediately after the accident, he attempted to set the brake, using a bar similar to that of plaintiff's, the gearing slipped. He said: "I looked at the brake and took a look at the cogs and the cogs were badly worn on the bottom, and furthermore, I went to try it to see what really had happened, and in pulling the wheel with the bar they would slip if you give any pressure on it, any amount of pressure * * * the cog wheels would slip; they wouldn't jibe." He also testified to some looseness, as we understand his testimony, in the bearing which carried the brake staff through the platform.

1. Notwithstanding the strong case made for defendant, indicating a thoroughgoing inspection of the car not long before the accident and also subsequently without disclosing the defect discovered by Dargan, we decline to interfere with the verdict based upon his testimony and that of plaintiff. The witnesses for defendant who tested the brake immediately after the accident did not use a bar. One Soular "didn't look at the gears" and "didn't know much about them." One of defendant's car inspectors, testifying concerning the car supposed to have caused plaintiff's injury, admitted that his customary inspection of the brake consisted of "standing on the ground and looking at it. * * * We didn't go up and try it." There was an issue of fact and the jury's view of it controls.

2. Whatever the duty of the mine owner, there is no showing that it was customary for it to inspect ore cars furnished by defendant. There is no suggestion that anybody had a right to rely upon such inspection, simply because none was made. For defendant it is argued, however, that there rested upon the mine owner a duty of inspection, failure of which, in a case of this kind, would be such an independent intervening cause as would relieve defendant of lia-

bility. In support of that argument, it cites cases holding that a railroad company is not liable to employes of a connecting line for injuries resulting from defects in a car owned by it but at the time being on another road. See for example Glynn v. Central R. Co. 175 Mass. 510, 511, 56 N. E. 698, 78 Am. St. 507. The rule is there stated as follows: "When a person is to be charged because of the construction or ownership of an object which causes damage by some defect, commonly the liability is held to end when the control of the object is changed."

The duty now in question accompanies, because it is a part of, the duty of maintenance. When a car goes out of the possession and control of the owning line and into that of another, the latter's use carries with it the duty of maintenance. Sawyer v. M. & St. L. Ry. Co. 38 Minn. 103, 35 N. W. 671, 8 Am. St. 648. No such transfer of control, use and accompanying duty goes with the mere placing of a car on an industry track for loading. The owning line does not in any real sense part with control and certainly is not absolved from the obligations arising from its duty of adequate inspection and maintenance.

The reason for the rule as between connecting railroads is not present where a defective car is turned over, for a relatively brief period, to an industry for loading. Particularly applicable is the rule of Moon v. N. P. R. Co. 46 Minn. 106, 48 N. W. 679. There, although at the time being the car was on the line of a connecting carrier, the owning railroad was held liable. The result was put upon the principle "that if a reasonable man must see that, if he did not use due care in the circumstances, he might cause injury to the person or property of another entitled to repose confidence in his diligence, a duty arises to use such care." If it does not conclusively appear in this case, the jury may well have found that plaintiff was entitled to rely upon the performance by defendant of its duty to furnish cars with efficient brakes. There was no intervening responsibility of anyone else sufficient to make defendant's negligence, if any, other than the proximate cause of the injury. In contrast, see Goar v. Village of Stephen, 157 Minn. 228, 196 N. W. 171. Defendant's duty was not limited to the shipper, but extended to the

servants of the latter "who must necessarily handle the cars, and who are exposed to danger arising from their unsafe or defective condition." Moon v. N. P. R. Co. supra.

3. Our view of the merits of the case makes unnecessary any discussion of the assignments of error directed at the charge. It fairly submitted the issues to the jury under the law as above applied and we discover no error. The verdict for $10,428 cannot be considered excessive in view of the suffering, permanent disability, disfiguration and loss of earning power arising from the amputation just below the knee of plaintiff's left leg.

Order affirmed.