## JOSEPHINE HEBERT v. VILLAGE OF HIBBING.[1]

February 11, 1927.

No. 25,692.

**Notice of claim for personal injury.**

1. Notice of accident and claim for damages sufficient to designate place where accident occurred. The service of notice sufficient.

**Question properly submitted to jury.**

2. Whether there was a driveway at the place referred to in notice as an alley properly submitted to jury.

[1]Reported in 212 N. W. 186.

**Rulings on evidence correct.**

3. No error in ruling on admissibility of evidence nor in refusing to strike out evidence.

**Verdict not excessive upon the evidence.**

4. No error in charge to jury. Verdict sustained by the evidence. Verdict not so excessive as to justify interference by this court.

Damages, 17 C. J. p. 1091 n. 85.
Municipal Corporations, 28 Cyc. p. 1456 n. 73; p. 1459 n. 83, 86; p. 1460 n. 91; p. 1479 n. 71; p. 1480 n. 79; p. 1494 n. 89; p. 1515 n. 97 New, 99.

See note in L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 4 R. C. L. Supp. 567; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 522.

Defendant Village of Hibbing appealed from an order of the district court for St. Louis county, Hughes, J., denying its motion for judgment notwithstanding the verdict or a new trial. Affirmed.

*C. G. Anderson*, Village Attorney, and *Lewis & Hunt*, for appellant.
*Austin, Austin & Wangensleen*, for respondent.

QUINN, J.

Action to recover damages for personal injuries which plaintiff claims to have sustained by reason of the defendant's failure to keep its sidewalks in proper repair for the use of pedestrians. There was a verdict of $2,775 for plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial defendant appealed.

On Sunday morning, April 26, 1925, plaintiff was returning from church, going easterly over a wooden sidewalk on the northerly side of Granite street in company with two girls. The three were walking slowly side by side. As one of the girls stepped on the end of one of the planks in the walk, the opposite end flew up and plaintiff's foot caught on such plank throwing her forward flat onto the walk. This version of the controversy was supported by the testimony of the plaintiff, by the two girls walking with her, and by the two Gargano boys, who were about ten feet back of plaintiff going in the same direction.

The principal contentions why a new trial should be had relate to the competency of the notice of the accident and claim for damages, the sufficiency of the evidence to support the verdict, that the verdict is excessive, and errors in the rulings upon the admission of evidence.

At the trial the court received in evidence, over defendant's objection, the notice of accident and claim for damages. The objection thereto was that it is incompetent, irrelevant and immaterial, that it is insufficient under the law in that the place designated where the accident occurred is not definite, there being no alley in that vicinity as stated in the notice. The sheriff had served the notice upon the village recorder, as appeared by his return indorsed thereon, which was offered in evidence in connection with the notice. There was no objection to the offer of the proof of service or as to the manner of service, though these matters were discussed in appellant's brief. The service was sufficient. Roberts v. Village of St. James, 76 Minn. 456, 79 N. W. 519; Peterson v. Village of Cokato, 84 Minn. 205, 87 N. W. 615; Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375.

The notice was adequate even though there was no legally established alley between First avenue and the railroad tracks. It appears that First avenue, as well as the railroad tracks, extend parallel in a northerly and southerly direction and are about 530 feet apart. The notice locates the place of the accident at a point upon the sidewalk on the north side of Granite street between First avenue and the railroad tracks, approximately 200 feet west of the alley intersection immediately west of First avenue towards the railroad tracks. There is evidence in the record tending to show that immediately to the west of First avenue there was, at the time in question, a driveway which crossed the sidewalk on the north side of Granite street. There is also testimony to the effect that the accident occurred at a point on the sidewalk 200 feet west of such driveway. The jury so found. We think the notice was adequate to satisfy the statute. Weber v. City of Minneapolis, 132 Minn. 170, 156 N. W. 287; Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111, Ann. Cas. 1916E, 897; Larkin v.

City of Minneapolis, 112 Minn. 311, 127 N. W. 1129. Whether there was such a driveway at the place in question was properly submitted to the jury. The witness Gordon Gorgano testified to the effect that the accident occurred 50 feet west of the alley or driveway. He was a boy of 12 years and probably was mistaken as to the distance. The court properly refused to strike his testimony out. In no way could the testimony be considered prejudicial to defendant's case. Hampton v. City of Duluth, 140 Minn. 303, 168 N. W. 20. The purpose of such notice is so well stated in the case last cited that it is not necessary to restate it here. It was properly received in evidence. Nicol v. City of St. Paul, supra; Kandelin v. City of Ely, 110 Minn. 55, 124 N. W. 449; Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350.

At the close of the charge the court inquired whether there were any corrections or suggestions, to which counsel for appellant responded:

"I just want to take an exception to the court's charge with reference to the driveway in that the notice calls the village's attention to an alley."

The court charged that:

"There is a dispute here between the parties as to whether or not the notice of injury so given was sufficient, and in connection with that there is one question of fact I am going to leave to you to determine, and that is as to whether at the time that the plaintiff was injured, at the time she claims she fell on the sidewalk on the north side of Granite street, and at the time the notice of injury was served, there was a driveway over the sidewalk on the north side of Granite street and west of First avenue. This notice of claim that was served describes the place of injury as being two hundred feet west of the driveway which is immediately west of First avenue. If there was such driveway there at that time, then the notice of injury is sufficient. If there was no driveway there at that time, then the notice of injury would be insufficient. The purpose of a notice of injury is to give the governing body, the proper officers of the municipality, an opportunity to make an investigation of the place

where the accident occurred, and in order that the notice may be sufficient it must be sufficiently definite so that the officers may be able to find the place, acting with reasonable diligence, and so I say to you if you find that there was a driveway across that sidewalk at that time, regardless of whether that was a legally laid-out alley or not, the notice would be sufficient. If you find there was no such driveway there, then the notice would not be sufficient."

By its verdict the jury determined that such driveway existed. The evidence was ample to support the finding.

Plaintiff was 69 years of age. Dr. Estrem testified concerning her injuries. He described the injury to her right knee as a bruise, discoloration and swelling; to the right hand as a callous, indicating the presence of a fracture; that the pains would last probably a year or more, and that the condition in her knee and leg might be longer. He said the injury to her side and shoulder, which had resulted in traumatic neuritis, in a person of her age is quite permanent and that there was no malingering, and that she was a victim of injury. The trial court did not abuse its discretion in sustaining the verdict. As stated in the memorandum, if the jury believed the medical testimony produced by plaintiff, the damages are not so excessive as to warrant the court in interfering.

Affirmed.