# AUGUST C. MOLL v. WILLIAM BESTER AND ANOTHER.[1]

May 10, 1929.

No. 27,254.

[1]Reported in 225 N. W. 393.

*Clapp, Richardson, Elmquist, Briggs & Macartney,* for appellant.
*Willard Converse,* for respondent.

DIBELL, J.

Action by plaintiff against William Bester and the Farmers Manufacturing Corporation to recover damages for injuries sustained while he was helping erect a silo sold in a knocked-down condition to Bester and erected by the latter on his farm. The action was dismissed as to Bester at the close of the testimony. There was a verdict for $1,800 against the manufacturing corporation. It appeals from the order denying its alternative motion for judgment notwithstanding or a new trial.

On March 2, 1927, the defendant Bester ordered a silo of the defendant Farmers Manufacturing Corporation which was shipped to him by freight c. o. d. in a knocked-down condition. The company did not erect it. It was understood that it would not. It agreed to send a man from the factory to supervise its erection. He was to be paid by Bester.

The defendant Bester testified:

"After we had gotten together on the price of the silo I says to him: 'I don't understand a thing about erecting the silo—I never seen one go up in my life, and I don't think that I can build one.' Then he says to me: 'We have six or seven men at the factory who don't do nothing but go out and erect silos.' Then he says: 'We send them out to the farmers and the farmers are to pay for them.' I says to him that the last silo I had built the company paid the man, and he says: 'We don't do that for the reason that if we furnish the man the farmers generally don't furnish no help, and if the farmer has to pay the man he will get more help.' Then he says: 'There is plenty of men around here that I could get to help,' and that he would send a man at any time I would want him."

The important thing was that the man sent be a competent man. If competent it did not matter whether he was from the factory. The statement that he was to come from the factory that made the silo, and was one of a number that did nothing but erect silos, was an assurance of competency and an indication that he was an expert. Further it was not important.

The defendant company sent a man, one Arnold, who undertook to supervise the erection. He was a structural iron worker and had never worked in the defendant's factory. The plaintiff, a neighboring farmer, was employed by Bester to help. The defendant corporation necessarily knew that men would be employed and would work with and under the direction of Arnold. When the silo was up 22 feet it collapsed, the plaintiff who was on top fell with it, and he was injured.

There was no privity of contract between the plaintiff and the defendant corporation. There was privity between the two defendants. The plaintiff claims that the defendant corporation was negligent in sending an incompetent man to supervise the erection of the silo. The absence of privity between the manufacturing corporation and the plaintiff is not controlling here. If the corporation furnished a man who was not competent it breached its contract with Bester. He would have an action for the breach. The plaintiff would not. If, knowing as it did that others would work with Arnold and would be imperiled by his lack of skill or fault, it negligently sent an incompetent man, it would be liable to the plaintiff if he sustained an injury as a proximate result though there was no privity of contract. Negligence arises from a breach of duty. A contract relation, as that between employer and employe, creates a situation to which the law attaches a duty or obligation the breach of which is negligence or other tort as respects an employe. And if the defendant owes a duty recognized by law to one person or a class, a breach of it is negligence though there be no contract relation.

The principle of liability in negligence without contract is illustrated in various situations. In the familiar ladder case, Schubert

v. J. R. Clark Co. 49 Minn. 331, 335, 51 N. W. 1103, 15 L. R. A. 818, 32 A. S. R. 559, the court said in relation to the plaintiff:·

"He did not stand in any relation of privity with the contracting parties,—the retail merchant, who purchased, and the defendant, who sold, the ladder. The contract was not entered into nor executed for his benefit; and, if there was any breach of the contract, the plaintiff has no right of action merely for that. If the defendant is liable, it must be upon the ground that the circumstances under which the ladder was manufactured and delivered were such that the neglect to disclose the existence of the defect was a wrong, —a neglect of a duty recognized by law independent of contract."

So 'in Brown v. Smith, 121 Minn. 165, 141 N. W. 2, Ann. Cas. 1914A, 874, the general rule was stated to be, paraphrasing an English case, that whenever one person is by circumstances placed in such a position with regard to another that everyone would recognize that if he did not use ordinary care and skill in his own conduct he would cause danger or injury to another, a duty arose to use ordinary care and skill to avoid such danger. The principle is recognized in railway cases where one railroad company passes a defective car to another railway company and is liable for injury to an employe of the latter because of the defective car though there is no privity. Moon v. N. P. R. Co. 46 Minn. 106, 48 N. W. 679, 24 A. S. R. 194. And the same result follows when a railroad furnishes a defective car to a shipper and a shipper's employes are injured because of it. Peneff v. D. M. & N. Ry. Co. 164 Minn. 6, 204 N. W. 524. And see O'Brien v. American Bridge Co. 110 Minn. 364, 125 N. W. 1012, 32 L.R.A. (N.S.) 980, 136 A. S. R. 503; 4 Dunnell, Minn. Dig. (2 ed.) § 6974, and authorities cited. A useful analogy as respects liability without contractual privity is found in Glidden v. Goodfellow, 124 Minn. 101, 144 N. W. 428, L. R. A. 1916F, 1073, and Hansman v. Western Union Tel. Co. 144 Minn. 56, 174 N. W. 434. The case is unlike Crandall v. Boutell, 95 Minn. 114, 103 N. W. 890, 5 Ann. Cas. 122, cited by the plaintiff, where the defendants sent an employe to set up a stove sold, where the doctrine of respondeat superior applied.

424

■ The jury could find from the acts and conduct of Arnold in the erection of the silo that he was incompetent. It was "shaky" almost from the time its erection started. There was expert evidence that he was not proceeding as he should proceed. Some of the workmen familiar to some extent with the erection of silos complained that it was unsafe. They thought it should be braced or anchored or guyed. The action of Arnold in declining to do anything of the kind and his perhaps blustering conduct was admissible in proof of his incompetency. Indeed, the evidence was such that the jury might have found that the plaintiff was contributorily negligent or assumed the risk in remaining at work under such unsafe conditions.

The rule is stated to be, when the employer is charged with negligence in providing an incompetent fellow employe, that when the unfitness of the employe is shown a prima facie case is made against the employer. 4 Dunnell, Minn. Dig. (2 ed.) § 5920, and cases cited. In Nutzmann v. Germania Life Ins. Co. 78 Minn. 504, 508, 81 N. W. 518, the court said that "it is the law of this state that a prima facie case of negligence is made out against the master if it be proved that at the time of his employment the servant whose negligence has caused another to be injured was unfit and incompetent to perform the service required of him." The issue was not the same there as here but the rule applicable to the sufficiency of proof should be the same. The defendant offered no evidence. We do not mean to approve the doctrine of a shifting burden of proof; but the evidence to which reference is made was sufficient to go to the jury on the issue whether the defendant sent a competent man to erect the silo.

■ The plaintiff proceeded in his complaint and on the trial partially at least upon the theory that fraud in some way was connected with the cause of action. His theory was not clear. Naturally the trial and the submission of the case, which was not in itself difficult, were confused. The real basis of recovery was not developed.

The court charged upon a supposed false representation of the silo company that it would send an expert from the factory to direct

the erection of the silo. There was no fraud in the case. Liability rested upon the company only upon the basis of negligence of the character we have stated. We hesitate to grant new trials when the evidence shows a right of recovery; but here a wrong theory was urged throughout. The defendant was entitled to have the case tried on a right theory. While the right of recovery is clear enough and the verdict satisfactory, the question was for the jury upon the theory which we have outlined, but not upon the ground of fraud as submitted, and there must be a new trial.

Order reversed.

