Robert F. WATTERSON, Appellant,

v.

NEW YORK CENTRAL RAILROAD COMPANY, a New York Corporation, Appellee.

No. 12552.

United States Court of Appeals
Sixth Circuit.

June 14, 1956.

Ivan E. Barris, Detroit, Mich. (Paul J. Louisell, Duluth, Minn., Joseph W. Louisell, Detroit, Mich., on the brief), for appellant.

George H. Wyatt, Detroit, Mich. (William A. Alfs, M. L. Cullen, Detroit, Mich., on the brief), for appellee.

Before, ALLEN, MARTIN and STEWART, Circuit Judges.

PER CURIAM.

Appellant, employee of a consignee of an interstate shipment, was injured while assisting a fellow employee to unload refrigerators from a boxcar in which they had been transported under seal from Erie, Pennsylvania, to Duluth, Minnesota.

The empty boxcar, owned by Wabash Railroad Company, was transported by appellee New York Central Railroad Company (hereinafter called New York Central), from Norwood, New York, to Erie, Pennsylvania, and there delivered by New York Central to East Erie Commercial Railway Company (hereinafter called East Erie). Certain deep-freeze units and refrigerators were received by East Erie from General Electric Company, whose plant is adjacent to the premises of East Erie, and loaded by East Erie in the empty boxcar in which the goods were braced securely by two by sixes nailed to the floor of the car with boards nailed across them. The boxcar was moved from Erie, Pennsylvania, to Duluth, Minnesota, by New York Central, Indiana Harbor Belt, Chicago Great Western, and Northern Pacific. It was unloaded at Duluth by the consignee, appellant being severely injured in the process.

■■ The District Court found as a fact that East Erie is a common carrier and that in this transaction it was the initial carrier. These findings are correct. East Erie files tariffs with the Interstate Commerce Commission and is certified as a common carrier by the Pennsylvania Public Service Commission. While 99 per cent of its transactions are with General Electric Company, it serves several other industries. East Erie received the property for interstate carriage, loaded it on the boxcar, and delivered it to another carrier for further carriage. Hence East Erie was the initial carrier. 13 C.J.S., Carriers, § 402, p. 883; Watkins on Shippers and Carriers, 4th Edition, 865; Barrett v. North-ern Pacific Railway Co., 29 Idaho 139, 157 P. 1016; 21 Words and Phrases, Initial Carrier, p. 387; Lino v. Northwestern Pacific R. Co., 332 Ill. 93, 163 N.E. 316; Rice v. Oregon Short Line Railroad Company, 33 Idaho 565, 198 P. 161.

■■ The court also found that New York Central was a connecting or intermediate carrier. This finding is not shown to be erroneous. 13 C.J.S., Carriers, § 400, p. 882. No evidence was presented as to which carrier issued the bill of lading. The car was furnished to New York Central by the Rutland Railroad Company. As an intermediate carrier New York Central was under no obligation to inspect the car for the benefit of the consignee or its employees and owed no duty with respect to making the condition of the car safe for unloading. 75 C.J.S., Railroads, § 924, p. 337. Doering v. St. Louis & O. R. Co., Mo.App., 63 S.W.2d 450, 451; Powell v. Pacific Naval Air Base Contractors, 93 Cal.App.2d 629, 209 P.2d 631, 633.

■ The finding of the District Court that the evidence was insufficient to prove that the boxcar was in a defective condition when it was delivered empty by New York Central to East Erie is supported by the record. The cases relied on by appellant to the effect that evidence of a defective condition subsequent to the injury constitutes evidence that the defective condition existed at the time of the injury are not in point. In Johnson v. City of St. Paul, 52 Minn. 364, 54 N.W. 735, the injury was claimed to be caused by a defect in a sidewalk. Peneff v. Duluth, M. & N. R. Co., 164 Minn. 6, 204 N.W. 524, involved a case of a handbrake on a car furnished by the defendant railroad to the shipper. Here the car in question was owned by Wabash and furnished by the Rutland Railroad Co.

The boxcar was inspected by General Electric Company, consignor, prior to the loading by East Erie, and found to be in suitable condition for loading, being inspected for the presence of nails, band iron strapping, materials which might

injure the refrigerators, and as to the condition of the floor, upon which hand trucks had to pass. When the planks bracing the refrigerators were pried up and removed, appellant's witnesses said, the planks split and pieces of the debris fell upon the floor of the car. One witness stated that all of these pieces were removed, but the testimony of appellant's witnesses as to splinters being on the floor and causing appellant's foot to slip contradicts this statement.

■ The findings of the District Court are not clearly erroneous and this court is bound thereby. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A. The conclusions of the court are in accord with the applicable law.

The judgment is affirmed.