R. G. BAUSHER v. CITY OF ST. PAUL.

June 14, 1898.

Nos. 11,044—(133).

**Municipal Corporation—Notice of Claim for Injury—Laws 1897, c. 248.**
Laws 1897, c. 248, requiring notice to cities and villages of the injury for which damages are claimed, is mandatory, is a condition precedent to a right to maintain an action for such damages, and, unless the notice served states the amount of compensation claimed for the injury, no action can be maintained against the city therefor.

**Same—Statement of Amount Claimed.**
Where the claim is for money compensation, it is not sufficient, under this statute, that the notice state the nature of the relief demanded, without stating the amount of compensation claimed.

**Same—Laws 1897, c. 248—Constitution—Title of Act.**
*Held*, the title of said chapter 248 is sufficient, under section 27, art. 4, of the constitution.

**Same—Special Legislation.**
*Held*, the act does not contravene section 33 of said article 4.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., sustaining a demurrer to the complaint. Affirmed.

*Hubbard & Taylor*, for appellant.
*James E. Markham* and *Carl Taylor*, for respondent.

CANTY, J.

This is an action to recover damages for a personal injury. Plaintiff, in his complaint, alleges facts from which it appears that on September 29, 1897, while he was walking along a certain public street in St. Paul, he was injured by reason of the defective and rotten character of the sidewalk on which he was walking, and that the injury occurred by reason of the negligence of the city in failing

to keep the sidewalk in repair; that within 30 days thereafter he caused a notice to be served on the city, by handing a copy thereof to the mayor, and another copy thereof to the city clerk of the city. The notice so served is set out as a part of the complaint. The defendant demurred to the complaint on the ground that it does not state a cause of action; and from an order sustaining the demurrer, plaintiff appeals.

The question raised is whether the notice is sufficient. It is sufficient under Sp. Laws 1885, c. 7, § 19, which merely requires the notice to state

"The place where, and the time when, such injury was received, and that the person injured will claim damages of the city for such injury."

1. But the notice is not sufficient under Laws 1897, c. 248, § 1, which reads as follows:

"Before any city, village or borough in this state shall be liable to any person for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk * * * the person so alleged to be injured * * * shall give to the city or village council, or trustees, or other governing body of such city, village or borough, within thirty days after the alleged injury, notice thereof; and shall present his or their claim to compensation to such council or governing body in writing, stating the time when, the place where and the circumstances under which such alleged loss or injury occurred and the amount of compensation or the nature of the relief demanded from the city, village or borough, and such body shall have ten days' time within which to decide upon the course it will pursue with relation to such claim; and no action shall be maintained until the expiration of such time on account of such claim."

We are of the opinion that this statute applies to St. Paul. Appellant contends that the city clerk, on whom the notice was served, is ex officio clerk of the city council of St. Paul, and keeper of its records, and that service on him is service on the council. Conceding, without deciding, that this is true, we cannot hold that the notice served complies with this statute. Such notice does not state the amount of compensation claimed by appellant, and without this the notice is, in our opinion, fatally defective. Such statutes requiring notice of the injury as a condition precedent to the

right to maintain an action, are mandatory, and must be complied with. Nichols v. City of Minneapolis, 30 Minn. 545, 16 N. W. 410; Harder v. City of Minneapolis, 40 Minn. 446, 42 N. W. 350.

2. The statute provides that the notice shall state "the amount of compensation or the nature of the relief demanded from the city." Appellant contends that, as these two provisions are in the alternative, it is only necessary to comply with the one or the other of them; that he has stated the nature of the relief demanded, and therefore his notice is sufficient. We cannot so hold. In our opinion, the clause, "nature of the relief demanded," is not intended to apply to such a case as this, but to cases where some other relief than money compensation is demanded.

3. We are also of the opinion that the title of said chapter 248, Laws 1897, is sufficient.

4. We are also of the opinion that said act is not special legislation, and does not contravene section 33, art. 4, of the constitution.

The order appealed from is affirmed.