ANNIE DOYLE v. CITY OF DULUTH.

November 3, 1898.

Nos. 11,303—(211).

Municipal Corporation—Personal Injury—Notice of Claim Condition Precedent to Action—Laws 1897, c. 248.

Held, following Bausher v. City of St. Paul, 72 Minn. 539, that Laws 1897, c. 248, requiring notice to cities or villages of any injury for which damages are claimed, imposes a uniform condition precedent to liability, and that it applies to all of the municipalities of the state.

#### Same—Notice to Mayor Insufficient—Amount of Damages.

*Held*, further, that it is not sufficient to give such notice to the mayor, but it must be given to the council or other governing body of the municipality, and must state the amount of compensation claimed for the injury.

Action in the district court for St. Louis county to recover $2,500 damages for personal injuries alleged to have been sustained because of a defective sidewalk. The cause came on for trial before Cant, J., and a jury, and defendant objected to the introduction of any testimony on the ground that the complaint failed to state a cause of action. The motion was granted, and the case was dismissed. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*John Jenswold, Jr.*, for appellant.

Laws 1897, c. 248, relating to notices to the common council in cases of injuries from defective walks, etc., has no application to the city of Duluth. The city charter specifies the kind of notice required in such cases, and it contains a provision that no general law contravening the provisions of the charter shall be considered as repealing, amending or modifying the same, unless such purpose be set forth in such law. A general law will not repeal an earlier special act by mere implication. It will not be construed to repeal such special act, unless there is some express reference to the previous legislation on the subject. 23 Am. & Eng. Enc. 422; State v. Stoll, 17 Wall. 425; Mobile v. State, 29 Ala. 573; Malloy v. Com., 115 Pa. St. 25; Com. v. Richmond, 81 Va. 355; Home v. Reis, 95 Cal. 142; Van Denburgh v. President, 66 N. Y. 1; Regents v. Auditor, 109 Mich. 134; State v. McCardy, 62 Minn. 509.

*J. B. Richards*, for respondent.

The provisions of the law of 1897 apply to Duluth, notwithstanding provisions of special charter, and failure to comply therewith is fatal to plaintiff. Bausher v. City of St. Paul, 72 Minn. 539; Curry v. City, 57 Hun, 25; Dawson v. City, 49 Hun, 322; State v. Sullivan, 62 Minn. 283; Merriman v. Great Northern Exp. Co., 63 Minn. 543; State v. Egan, 64 Minn. 331.

START, C. J.

This is an action to recover damages alleged to have been sustained by the plaintiff as the result of a defective sidewalk of the defendant city. The cause was at issue, and came on for trial before a jury. Thereupon the defendant objected to the introduction of any testimony, and moved the dismissal of the action, for the reason that the complaint did not state facts sufficient to constitute a cause of action, because it contained no sufficient allegation that notice of the plaintiff's injury was presented to the common council of the city, as required by law. The trial court dismissed the action, and the plaintiff appealed from an order denying her motion for a new trial.

1. It is necessary at the outset to settle whether the question of the sufficiency of the allegation of the complaint as to giving notice to the city of the plaintiff's claim is to be determined by the provisions of Laws 1897, c. 248, or exclusively by those contained in the city charter. The latter are in these words:

"Before the city of Duluth shall be liable for damages to any person injured upon any of the streets, avenues, alleys or sidewalks of the city, the person so injured, or some one in his behalf, shall give the mayor or common council notice in writing of such injury, within thirty days after the same has been received, stating in such notice when, where and how the injury occurred, and the extent thereof." Sp. Laws 1887, c. 2, subc. 12, § 3.

The charter of Duluth also provides that

"No law of the state contravening the provisions of this act shall be considered as repealing, amending or modifying the same, unless such purpose be set forth in such law." Id. § 7.

This is substantially the same as the charter of the city of St. Paul. See Sp. Laws 1874, c. 1, subc. 12, § 20.

Laws 1897, c. 248, declares:

"Before any city, village or borough in this state shall be liable to any person for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk, park, public ground, ferry boat or public works of any kind in said city, village or borough, or by reason of any alleged negligence of any officer, agent, servant or employee of said city, village or borough, the person so alleged

to be injured, or some one in his behalf, shall give to the city or village council, or trustees or other governing body of such city, village or borough, within thirty days after the alleged injury, notice thereof; and shall present his or their claim to compensation to such council or governing body in writing, stating the time when, the place where, and the circumstances under which such alleged loss or injury occurred, and the amount of compensation or the nature of the relief demanded from the city, village or borough, and such body shall have ten days' time within which to decide upon the course it will pursue with relation to such claim; and no action shall be maintained until the expiration of such time on account of such claim, nor unless the same shall be commenced within one year after the happening of such alleged injury or loss."

This statute clearly shows an intention on the part of the legislature to impose a new and uniform condition precedent to liability of municipalities for injuries due to any defects in the public streets, grounds or works thereof. The purpose of the statute is to protect them from the cost and trouble of legal proceedings, unless the governing body thereof be first advised as to when and where the alleged injury occurred, the circumstances thereof, and the amount of compensation demanded therefor, and such body is allowed ten days thereafter in which to investigate and adjust the claim if found to be meritorious. Both the language and purpose of the statute indicate that it was intended to apply to all municipalities in the state.

It was expressly held in the case of Bausher v. City of St. Paul, 72 Minn. 539, 75 N. W. 745, that the statute applied to that city. It is claimed by plaintiff's counsel that the provision of the charter of Duluth which we have quoted distinguishes this case from the one cited; but, as already stated, both charters have the same provision. If the statute applies to St. Paul, there is no reason why it should not apply to Duluth and all other cities, villages and boroughs in the state; and we so hold. Such purpose is set forth in this statute, within the meaning of the special charter provisions relied on.

2. The allegation of the complaint as to giving notice of the injury is this:

"That on the 30th day of September, A. D. 1897, the plaintiff duly caused to be given to the then qualified and acting mayor of

the city of Duluth a notice in writing of said injury, which notice stated when, where and how the said injury occurred, and the extent thereof, and was in all respects in compliance with the statute in such cases made and provided."

It is evident that the notice so given was drafted and served with reference to the charter provisions only, and that it fails to comply with the statute in two essential particulars: The amount of the compensation claimed was not stated in the notice. Bausher v. City of St. Paul, supra. No notice was ever given to the city council, the governing body of the defendant city. The statute requires the notice to be given to the city or village or borough council or the trustees or other governing body. The words "or other governing body" mean a body ejusdem generis, and not the mayor or any other individual officer. This notice must be given to the council,—that is, the quasi legislative or governing body of the municipality,—which alone has the power to settle the claim.

How the notice shall be given to such body the statute does not say, but it is certain that notice given to the mayor is not notice given to the council. There is, however, no practical difficulty in giving notice to the council. It may be directed to the council, and left with the clerk or officer who has charge of the records and files of the council, with a request annexed that it be laid before the council at its next meeting. This would be the orderly and practical way of giving notice to the council or other governing body. We are not to be understood as holding that the suggested method is the exclusive one.

The objection to the complaint having been first raised on the trial, it ought not to be sustained if, by any reasonable intendment, the complaint can be held to allege the necessary facts. But the difficulty is that the complaint alleges just what was done as to giving the notice. It was given to the mayor, and by no fair inference can we construe the complaint as alleging or even suggesting as a conclusion of law that notice was given to the city council. The failure to give to the city council the notice required by chapter 248 of the Laws of 1897, and to state therein the amount of compensation claimed, was fatal to the plaintiff's cause of action.

Order affirmed.