MARY J. NICOL v. CITY OF ST. PAUL.[1]

July 11, 1900.

Nos. 11,987—(153).

**Repeal of Statute by Implication.**

Even if a subsequent statute, containing no repealing clause, be not repugnant in its provisions to a prior statute, yet, if the former was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals the original act by implication.

**Charter of City of St. Paul—Laws 1897, c. 248—Notice of Personal Injury.**

Rule applied, and *held* that Laws 1897, c. 248, supersedes and repeals the charter provisions of the city of St. Paul (Sp. Laws 1885, c. 7, § 19), as to giving notice of personal injuries.

| | |
|---|---|
| 80 | 415 |
| f80 | 414 |
| f80 | 415 |
| 80 | 415 |
| 81 | 401 |
| 80 | 415 |
| 82 | 133 |
| 80 | 415 |
| 83 | 11 |
| 80 | 415 |
| 84 | 419 |
| 80 | 415 |
| 86 | 28 |
| e86 | 28 |

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Otis, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*S. C. Olmstead, Albert Schaller* and *Otto Kueffner,* for appellant.

*James E. Markham,* for respondent.

[1] Reported in 83 N. W. 375.

START, C. J.

This is a personal injury action. Notice of the plaintiff's injury, and her claim for damages by reason thereof, were duly given and presented to the counsel of the defendant city, as required by the provisions of Laws 1897, c. 248. The trial court directed a verdict for the defendant, for the reason that notice of the injury had not been given to the mayor or clerk of the city as provided by its charter (Sp. Laws 1885, c. 7, § 19 [p. 74]). The plaintiff appealed from an order denying her motion for a new trial.

The only question raised by the record in this case which we find it necessary to discuss or decide is whether the general law repeals the charter provisions in question. They are as follows:

"No action shall be maintained against the city of St. Paul, on account of any injuries received by means of any defect in the condition of any bridge, street, sidewalk, or thoroughfare, * * * unless notice shall have first been given in writing to the mayor of said city, or the city clerk thereof, within thirty (30) days of the occurrence of such injury or damage, stating the place where, and the time when such injury was received, and that the person injured will claim damages of the city for such injury, but the notice shall not be required when the person injured shall in consequence thereof be bereft of reason."

The general statute in question is this:

"Before any city, village or borough in this state shall be liable to any person for damages for, or on account of, any injury or loss alleged to have been received or suffered by reason of any defect in any bridge, street, road, sidewalk, park, public ground, ferry-boat, or public works of any kind in said city, village or borough, or by reason of any alleged negligence of any officer, agent, servant or employee of said city, village or borough, the person so alleged to be injured, or some one in his behalf, shall give to the city or village council, or trustees or other governing body of such city, village or borough, within thirty (30) days after the alleged injury, notice thereof; and shall present his or their claim to compensation to such council or governing body in writing, stating the time when, the place where and the circumstances under which such alleged loss or injury occurred and the amount of compensation or the nature of the relief demanded from the city, village or borough, and such body shall have ten (10) days time within which to decide upon the course it will pursue with relation to such claim; and no action shall be maintained until the expiration of such time on account of

such claim nor unless the same shall be commenced within one year after the happening of/such alleged injury or loss."

This general statute does not in express terms repeal the special and somewhat diverse provisions, covering the same subject-matter, found in the respective charters of a number of the municipalities of the state, including the city of St. Paul. If, therefore, the statute repeals such provisions, it must be by implication.

The general rules as to repeals by implication are well settled, and need not be here discussed. Conceding, without so deciding, that the provisions of the statute in question are not repugnant to the charter provisions, the rule applicable to this particular case is this: Even if a subsequent statute, containing no repealing clause, be not repugnant in its provisions to a prior statute, yet, if the former was clearly intended to prescribe the only rule which should govern in the case provided for, it repeals by implication the original act. Sedgwick, Const. & St. Law, 104; Sutherland, St. Const. § 154. But such intention is less readily implied where such act is a part of a municipal charter. The general statute in question applies to the city of St. Paul, and to all other municipalities of the state, although their respective charters may contain a provision to the effect that no law contravening any of the charter provisions shall be considered as repealing, amending, or modifying the same, unless such purpose is set forth in such law. Bausher v. City of St. Paul, 72 Minn. 539, 75 N. W. 745; Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029.

We have, then, the question whether the general statute was intended to prescribe the only rule which should govern as to the subject-matter of the act. If it was, then it repealed the provisions of the charter of the city of St. Paul here in question, and the similar provisions in the charters of other municipalities of the state. Counsel for the defendant meets the question with the proposition that the provision of the city charter and that of the general statute were intended to serve a distinct and separate purpose. Therefore the latter does not repeal the former. His argument in support of this proposition is, briefly, this: The charter provision is primarily intended for the purpose of giving notice to some officer of the city

80 M.—27

in order that prompt investigation may be made, and the city enabled to ascertain the facts while the witnesses and the circumstances are fresh in their recollection. But the primary object of the general statute is to require the presentation of the claim to the common council or governing body of the city in order that opportunity may be afforded to adjust the claim without litigation, if it is found to be a meritorious one. The statement as to the purpose of the charter provisions is substantially correct. The object of giving notice of the injury to the mayor or clerk of the city undoubtedly was to enable the city, by the common council, its governing body, to cause an investigation to be made. It is to be noted that no express duty is enjoined by the charter upon the officer to whom the notice must be given. He is not required to make any investigation, or cause it to be made. In the absence of any express directions or practice sanctioned by the common council, it would be the duty of such officer to call the attention of the council to such notice. Roberts v. Village of St. James, 76 Minn. 456, 79 N. W. 519.

The statement of counsel as to the purposes of the general statute is incomplete. Its object in requiring notice of the injury and claim for damages to be given to the governing body of the municipality is not alone to afford an opportunity to settle the claim, if a just one, without litigation. Its manifest object was to enable the municipality, by its governing body, to promptly investigate, or cause it to be done, as to the time, place, and circumstances of the alleged injury, while the witnesses are obtainable, and the facts fresh in their recollection, and to settle such claim, if found meritorious after such investigation. Doyle v. City of Duluth, supra; Kelly v. City of Minneapolis, 77 Minn. 76, 79 N. W. 653. If the charter provisions and that of the general statute be read together in the light of the fact that the latter applies to the city of St. Paul, it is clear that the latter includes and provides for all of the objects and purposes sought to be secured by the former, and was intended as the only rule which should govern in the case provided for. The cases of Reining v. City, 102 N. Y. 308, 6 N. E. 792, and Curry v. City, 135 N. Y. 366, 32 N. E. 80, relied upon by the defendant, are not in point, for the reason that the statutes construed in those

cases are materially different from the statutes here under consideration.

In view of the fact that Laws 1897, c. 248, applies to all municipalities of the state, and that the intention is clear on its face to make it uniform in its operation, and the only law applying to cases within its purview, we hold that it supersedes and repeals, by necessary implication, the charter provisions of the city of St. Paul here in question.

Order reversed, and a new trial granted.