SCHOOL DISTRICT NO. 1 OF CLAY COUNTY v. FRANK ECKERT
and Others.[1]

November 22, 1901.

Nos. 12,817—(173).

**School District—Laws 1891, c. 26.**
> Laws 1891, c. 26 (G. S. 1894, § 3667, et seq.) entitled "An act to provide for the organization of school districts," was designed to supersede existing legislation, and operated to repeal by implication that part of section 3675 which provided that "county commissioners shall make no changes in the boundaries of existing school-districts, unless upon recommendation of the county superintendents of schools, that shall leave any old district, or constitute any new district with less than thirty-five residents between five and twenty-one years of age."

Action in the district court for Clay county to restrain defendants from perfecting the organization of a certain new school district within plaintiff's territory. The case was tried before Baxter, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*F. H. Peterson,* for appellant.

*Tillotson & Campbell,* for respondents.

COLLINS, J.

This was a proceeding to obtain an injunction restraining the defendants from organizing a school district embracing a part of plaintiff's territory, which district had been created by the board of county commissioners of the proper county in strict conformity with the provisions of Laws 1891, c. 26, as amended in 1893 (G. S. 1894, § 3667, et seq.). Judgment was ordered in favor of the defendants, and from the entry thereof plaintiff appeals.

1. The contention of plaintiff's counsel is that under the provisions of G. S. 1894, § 3675, no school district can be created, which changes the boundary lines of an existing district, without the recommendation and approval of the county superintendent of schools, where, as was the case here, there are less than thirty-

[1] Reported in 87 N. W. 1019.

84 M.—27

five residents between five and twenty-one years of age in the new district. It stands conceded that the superintendent did not act in this case. Counsel admits that a similar provision in G. S. 1894, § 3659, is unavailing, and that his position must be supported, if at all, by that part of section 3675, above referred to, which provides that

"County commissioners shall make no changes in the boundaries of existing school districts, unless upon recommendation of the county superintendents of schools, that shall leave any old district, or constitute any new district with less than thirty-five residents between five and twenty-one years of age," etc.

It is obvious that the real question is whether the statute of 1891, as amended, under which the new district was created, is complete in itself, and superseded the enactment which previously existed, whereby the recommendation of the county superintendent was declared to be necessary, under certain circumstances. The 1891 statute (chapter 26) is entitled "An act to provide for the organization of school districts." It does not purport to be an amendment of any law existing at the time of its passage. It contains no express repealing clause, but the last paragraph of section 6 plainly and without ambiguity declares that "no school district shall hereafter be organized in this state otherwise than in accordance with this  *  *  *  act."

An examination of this chapter shows very clearly that nothing whatever is lacking to make it a perfect and effective act in every respect. It comprehends and covers the subject-matter of several laws which had been enacted at different legislative sessions, the result being that much confusion existed as to what was required in respect to the formation of new school districts. It is complete in all details, and contains a provision which clearly indicates an intention to substitute its provisions for those in force, and to adopt new methods. It superseded existing legislation, and operated to repeal by implication prior statutes on the same subject.

As a consequence, that portion of G. S. 1894, § 3675, which required action by the county superintendent as a condition for the creation of certain new districts by the boards of county commis-

sioners, was abrogated by its enactment. It was not essential that there should be positive repugnancy between the acts, for, although a subsequent statute containing no repealing clause be not repugnant to a prior statute, the latter is repealed by implication where the clear intention is to prescribe the only rule which is to govern the subject provided for.  Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375.  The clear intention here is manifest, and by the 1891 act the design was to inaugurate a new and uniform method of procedure, and to confer upon the county commissioners full authority to determine the expediency of forming new school districts; their decision, when recorded, to be final.  An amendment which gives the right of appeal may be found in Laws 1901, c. 125.

2. It is argued that plaintiff has sought an improper remedy in instituting this proceeding, and that he should have waited until officers were elected for the new district, and then applied for a writ of quo warranto.  This is quite probable, but we have deemed it best to dispose of this appeal on the merits.

Judgment affirmed.