STATE OF NORTH DAKOTA, AT THE RELATION OF STATE FARMERS MUTUAL HAIL INSURANCE COMPANY v. E. C. COOPER, AS COMMISSIONER OF INSURANCE OF THE STATE OF NORTH DAKOTA.

Opinion filed April 26, 1909.

**Statutes — Repeal by Implication — Irreconcilable Acts.**

1. Although repeals by implication are not favored, two irreconcilably repugnant acts passed at different times relative to the same subject cannot stand together, and the later operates to repeal the former.

**Insurance — Mutual Hail Insurance Companies — Authority to do Business in State.**

2. It is therefore held that section 4449 of the Revised Codes of 1905, as amended by chapter 153, page 245, Laws 1907, repealed section 4447 of said Revised Codes, and that mutual insurance companies organized under the laws of any other state or country are authorized to engage in the business of hail insurance in this state by complying with the provisions of said section 4449 so far as it applies to foreign mutual insurance companies.

Appeal from District Court, Burleigh County, *Winchester,* J.

Mandamus by State, on the relation of the State Farmers' Mutual Hail Insurance Company, against E. C. Cooper, as Commissioner of Insurance.

Judgment for respondent and relator appeals. Reversed and remanded.

*Engerud, Holt & Frame* and *Turner, Wright & Lewis,* for appellant.

*Andrew Miller,* Atty. Gen., and *Alfred Zuger,* Asst. Atty. Gen., for respondent.

CARMODY, J.  This is an appeal from a judgment dismissing plaintiff's application for a writ of mandamus against the defendant, requiring him as insurance commissioner to receive and entertain plaintiff's application for leave to transact a hail insurance business in this state. The facts are agreed upon by the parties, and are as follows: That the relator is an insurance company organized under the laws of the state of Minnesota, on the Mutual plan, and that its business is the insurance of growing crops against hail. It has submitted to the defendant an application for leave to transact a hail insurance business in this state, together with a copy of its articles of incorporation and power of attorney making and

constituting the defendant its attorney in fact, upon whom service of legal process against it may be made, together with a statement of its assets and liabilities. The relator was at said time and now is, ready and willing to deposit with the treasurer of this state the sum of $25,000 in money for the purposes enumerated in section 4449 of the Revised Codes of 1905, being section 1, c. 114, p. 152, Laws 1903, as amended by Chapter 153, p. 245, Sess. Laws 1907. If he deemed he had authority so to do, defendant would admit the relator to transact a hail insurance business in this state. He has, however, refused to receive or entertain the application of the relator, and he places his refusal on the sole ground that in his judgment, under the provisions of Section 4447 of the Revised Codes of 1905, being sections 1, 2, c. 109, p. 145, Laws 1903, foreign mutual hail insurance companies are prohibited absolutely from transacting the business of hail insurance in this state, and that no discretion is vested in the insurance commissioner, but that he is wholly without authority to admit such companies to transact the business of hail insurance in the state. The trial court made its findings of fact, conclusions of law, and order for judgment in favor of the defendant and against the relator, dismissing the application on the sole ground that foreign mutual insurance companies are prohibited from taking any hail risk, and from transacting the business of hail insurance in this state, and that the commissioner of insurance is wholly without authority to admit such companies into this state for the purpose of transacting a hail insurance business. Judgment was entered accordingly, from which judgment this appeal was taken.

Prior to the enactment of chapter 109, Laws 1903, being sections 4447, 4448, Rev. Codes 1905, foreign mutual hail insurance companies transacted the business of hail insurance in this state. Chapter 109, being sections 4447, 4448, Rev. Codes 1905, so far as material here, reads as follows:

"Section 1. No foreign insurance company incorporated upon the mutual plan shall directly, or indirectly, take any hail risk, or transact the business of hail insurance in this state.

"Sec. 2. All contracts, notes, mortgages, and other evidence of indebtedness made or taken in violation of sec. 1 hereof are hereby declared void.

"Sec. 3. Any person who violates any of the provisions of this act or who procures or induces another to do so is guilty of a misdemanor.

"Sec. 4. All acts and parts of acts in conflict with the provisions of this act are hereby declared repealed."

This act was approved March 4, 1903. An emergency clause made it immediately affective. The same legislature passed chapter 114, Laws 1903, being sections 4449, 4454, Rev. Codes 1905. This act was approved March 10, 1903, and was accompanied by an emergency clause; and, as far as material to the decision of this case, reads as follows:

"No mutual insurance company hereafter organized under the laws of this state, or now or hereafter orrganized under the laws of any state or country, shall engage in the business of hail insurance in this state without first depositing and thereafter keeping on deposit with the treasurer of this state, the sum of twenty-five thousand dollars in money, or in lieu thereof, bonds of this state or of the United States, of the par value of twenty-five thousand dollars." This section was by the legislative assembly of 1907 re-enacted and amended to read as follows: "No mutual insurance company hereafter organized under the laws of this state or now or hereafter organized under the laws of any state or country shall engage in the business of hail insurance in this state without first depositing and thereafter keeping with the treasurer of this state the sum of twenty-five thousand dollars in money, or in lieu thereof bonds of this state or of the United States, of the par value of twenty-five thousand dollars; provided, that domestic mutual hail insurance companies in lieu of said deposit shall be required to file a bond in the office of the commissioner of insurance in the sum of twenty-five thousand dollars, conditional for the carrying out of its contracts and obligations incurred by its policies, said bond to be satisfactory as to form and surety to the insurance commissioner."

The decision of this case depends wholly on statutory construction. Is chapter 109 of the Laws of 1903 still in force, or has it been repealed by the enactment of chapter 114, Laws 1903, which was re-enacted and amended by chapter 153, Laws 1907? There is no express provision repealing said chapter 109; and, if repealed at all, it is by implication. A statute in derogation of an existing statute will be strictly construed in consequence of implied repeals being regarded with disfavor. 1 Lewis' Sutherland, Stat. Con. (2d Ed.) 472. It is our duty to make all acts stand if by any reasonable construction they can be reconciled. Repeals by implication

are, however, recognized as intended by the legislature, and its intention to repeal is ascertained as the legislative intent is ascertained in other respects, when not expressly declared, by construction. "An implied repeal results from some enactment the terms and necessary operation of which cannot be harmonized with the terms and necessary effect of an earlier act. In such case the later law prevails as a last expression of the legislative will. Therefore the former law is constructively repealed, since it cannot be supposed that the law-making power intended to enact or continue in force laws which are contradictions. The repugnancy being ascertained, the later act or provision in day or position has full force, and displaces by repeal whatever in the precedent law is inconsistent with it." 1 Lewis' Sutherland, Stat. Con. (2d Ed.) 461. Can section 4447 of the Revised Codes of 1905 and section 4449 of the same codes be reconciled so as to give effect to both laws? If not, it follows that the later in date of passage or approval by the governor must be held to have repealed the earlier in so far as they are in conflict. It is clear that these statutes are wholly repugnant, and cannot be. harmonized. Section 4447 prohibits without qualification the transaction of hail insurance business in this state by foreign insurance companies organized on the mutual plan. Section 4449 imposes conditions upon compliance with which they may transact such business. Section 4449 was again before the legislature in 1907, and was then re-enacted without change, except that domestic companies were by the amendment authorized to deposit a bond in lieu of the money or state or national bonds required by the original enactment. It was evidently the intention of the legislature by the amendment of said section to relieve domestic companies of the necessity of investing $25,000 as required by the original act. It is presumed that said section 4449 was passed with due deliberation and with a knowledge of the existence of section 4447, and, although silent upon the subject of repeal, it is in such open conflict therewith that both sections cannot stand together, and is clearly appears that section 4449 was intended as a substitute for section 4447. If we had any doubt of such being the intention of the legislature, it would be removed by the re-enactment and amendment of said section 4449 by the legislative assembly of 1907. Although, as hereinbefore stated, repeals by implication are not favored, it is well settled that without a repealing clause two irreconcilable acts, passed at different times, cannot stand, and

the later operates to repeal the former. King v. Cornell, 106 U. S. 395, 1 Sup. Ct. 312, 27 L. Ed. 60; Busby v. Riley, 6 S. D. 401, 61 N. W. 164; Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375; 1 Lewis' Sutherland, Stat. Con. (2d Ed.) section 247, and cases there cited. It therefore follows that foreign mutual insurance companies are authorized to transact the business of hail insurance in this state, and that defendant has power to receive and entertain the application of relator to transact such hail insurance business.

The judgment of the district court is reversed, and the cause remanded for further proceedings. All concur.

MORGAN, C. J., not participating on account of illness.