## PAUL F. KELLY AND ANOTHER v. CITY OF ROCHESTER.

231 N. W. 2d 275.

June 13, 1975—No. 44518.

*West, Gowan, DeBoer & McIntosh,* for appellants.

*Mahoney, Dougherty & Mahoney, Richard P. Mahoney, Kenneth P. Gleason,* and *Gerald H. Swanson,* for respondent.

Heard before Sheran, C. J., and Otis, Kelly, Todd, and Yetka, JJ., and considered and decided by the court en banc.

KELLY, JUSTICE.

These actions were brought by Paul F. Kelly, individually, and on behalf of his son, Brian, to recover damages for injuries sustained by Brian in a diving accident at a pool owned and operated by the city of Rochester. In each case, the trial court granted the defendant city's motion for summary judgment because of plaintiff's failure to comply with the provisions of Minn. St. 1971, § 466.05, subd. 1, requiring notice of claims against municipalities to be given within 30 days of the accident from which the claim arises.[1] We reverse.

Of the several issues raised by plaintiffs, we need only deal with one: Whether actual notice on the part of municipal employees of the accident fulfills the notice requirement of Minn. St. 1971, § 466.05, subd. 1.

The facts are not disputed. On the evening of July 1, 1970, 16-year-old Brian Kelly was severely injured when he dived from the high diving board at the Soldiers Field municipal swimming pool in Rochester. Brian struck his head on the bottom of the pool, with the result that he suffered immediate and permanent paralysis from the neck down. The accident took place in the presence of Linda Dorschner, one of the lifeguards, who assisted in removing Brian from the water and comforting him until the ambulance arrived.

A few days following the accident, pursuant to rules and regulations of the city's recreation department governing accidents,

---

[1] The trial court in a supplementary memorandum to the order for summary judgment did urge this court to adopt a less strict construction of Minn. St. 466.05, particularly where the injury involves physical incapacitation of a minor.

Ms. Dorschner prepared and filed with Roger Lowe, the head of the recreation department, a written report of the accident. This report, setting forth the name and address of the injured person and the date, time, place, and circumstances surrounding the accident, was prepared at the personal request of Mr. Lowe.

On October 20, 1970, more than 30 days after the incident resulting in Brian's injury, a formal, written notice of claims on behalf of Brian and his father was filed with the Rochester Common Council, the contents of which are consistent with § 466.05, subd. 1. These actions were subsequently commenced on October 12, 1971.

In past cases this court has taken a strict stance on the requirements of timeliness and manner of service of the 30-day notice of claim under Minn. St. 1971, § 466.05, subd. 1. Although this time limit is admittedly arbitrary and has led to harsh results where the injured party has no knowledge that notice must be filed and his claim is barred, we nevertheless are constrained to sustain this portion of the statute, despite our misgivings as to its constitutional validity. We leave to future cases the determination of whether the notice requirement violates due process of law, as a denial of a vested right of redress for an injury.[2]

However, in areas other than timeliness, we have given the statute a liberal construction so as not to deny recovery based solely on a formal technicality. Such was the case in Olander v. Sperry & Hutchinson Co. 293 Minn. 162, 197 N. W. 2d 438 (1972), where we held that substantial compliance with respect to the adequacy of a description in the notice of the time, place and circumstances surrounding the injury was sufficient under the statute. We stated that "* * * except for the elements of timeliness or manner of service, substantial compliance with the provisions of § 466.05 is all that is required." 293 Minn. 169, 197 N. W. 2d 442.

---

[2] The statute requiring notice has been amended so that notice within 60 days is now sufficient. L. 1974, c. 311, § 1, effective August 1, 1974.

This holding recognized the fact that the underlying purpose of the notice-of-claim statute would be achieved by substantial compliance with the statutory requirements. This purpose was set forth in Hirth v. Village of Long Prairie, 274 Minn. 76, 79, 143 N. W. 2d 205, 207 (1966), as follows:

"* * * [T]o protect against dissipation of public funds by requiring that the municipality be promptly furnished with information concerning a claim against it so that full opportunity is provided to investigate it, to settle those of merit without litigation, and to correct any deficiency in municipal functions revealed by the occurrence. By timely service of notice, the municipality is also afforded protection against stale or fraudulent claims or the connivance of corrupt employees or officials."

Then, in Seifert v. City of Minneapolis, 298 Minn. 35, 213 N. W. 2d 605 (1973), we held that substantial compliance as to the manner of service of a written claim notice was sufficient. In that case notice was given to a city alderman and we viewed that action as fulfilling the purpose of the statute, recognizing that the notice-of-claim provision does not prescribe a single or exclusive manner of service.[3] The holding of the case bears heavily on the present situation:

"* * * [W]e hold the purpose of the statute is satisfied once service of the notice is made upon a member of the city council *or any other responsible official reasonably likely to place such notice before the governing body* at its next meeting. In so far as the Aronson case [Aronson v. City of St. Paul, 193 Minn. 34, 257 N. W. 662 (1934)] or any prior decisions of this court are inconsistent with this standard, they are overruled." 298 Minn. 42, 213 N. W. 2d 609. (Italics supplied.)

---

[3] Three cases considering precedessor notice statutes illustrate this point: Doyle v. City of Duluth, 74 Minn. 157, 76 N. W. 1029 (1898); Lyons v. City of Red Wing, 76 Minn. 20, 78 N. W. 868 (1899); Roberts v. Village of St. James, 76 Minn. 456, 79 N. W. 519 (1899).

Most recently, in Jenkins v. Board of Education of Minneapolis Special School Dist. No. 1, 303 Minn. 437, 228 N. W. 2d 265 (1975), we held that substantial compliance with the timeliness requirement of § 466.05 was also all that was required. The facts relied upon in reaching the decision were strikingly similar to those present here. In Jenkins the 9-year-old plaintiff was injured in a school fight. He was immediately given first aid by the school principal and nurse, who the following day completed a full report on the incident which was sent to an administrative official of the district. The opinion by Mr. Justice Otis stated:

"We no longer adhere to the doctrine that timeliness of the *service* of notice is necessary to effectuate the legislative intent of c. 466 where, as here, responsible school authorities acting in an administrative capacity are fully apprised of the pertinent facts within the time limitation imposed by statute." 303 Minn. 438, 228 N. W. 2d 267.

So also in the instant case, where an injury report was prepared and filed with a recreation department official which contained all the information necessary for a prompt and thorough investigation.[4] This report to Mr. Lowe was, in our view, sufficient notice to the city of Rochester itself to comply with § 466.05, subd. 1.

It must be declared that functions and departments of city government cannot be considered wholly independent from one another, but must be viewed as sharing information vital to the concerns of each. It is a fair and reasonable assumption that Mr. Lowe did transmit information about Brian's serious accident to the city clerk, council, or other officials properly concerned with possible municipal liability. While this notice of the injury is not proof that Brian or his father was making a claim, it nevertheless indicates that the city was alerted to make whatever investigation it needed to in order to defend itself in a possible

---

[4] See, also, Leier v. Twin Cities Area Metropolitan Transit Comm. 299 Minn. 35, 216 N. W. 2d 129 (1974).

suit, which is supposed to be the reason for requiring adherence to the notice requirement in the first place.

We do not agree that the injured party must give the notice. The statute, § 466.05, only says that one claiming damages shall "cause [the notice] to be presented to the governing body * * *." The fact that Linda Dorschner, the lifeguard, filed the accident report, as did the school nurse in Jenkins, is consistent with the intent of the above-quoted language. To decide otherwise would make the notice requirement nothing more than a formal, procedural impediment to suit, of little purpose other than to void an otherwise valid claim.

In that light, we hold that in the absence of a showing of prejudice, actual notice on the part of the municipality or its responsible officials of sufficient facts to reasonably put the governing body of the municipality on notice of a possible claim will be in compliance with the notice requirements of Minn. St. 1971, § 466.05, subd. 1. Our holding today does no more than follow the trend of our recent opinions in recognizing the arbitrariness of the notice provision and in an attempt to remedy this injustice, we declare that substantial compliance is accomplished by actual notice on the part of the municipality even if such knowledge is acquired through its own procedures or personnel.

Reversed.

PETERSON, JUSTICE (concurring specially).

I concur in the holding of the court.