**Russell NELSON, Respondent,**

v.

**STATE of Minnesota, DEPARTMENT OF NATURAL RESOURCES, Relator.**

No. 51142.

Supreme Court of Minnesota.

May 1, 1981.

Warren Spannaus, Atty. Gen., Winston Ehlmann, Asst. Atty. Gen., St. Paul, for relator.

Hvass, Weisman & King, Mark Hallberg, Northstar Center, for respondent.

AMDAHL, Justice.

The State, Department of Natural Resources obtained a writ of certiorari to review an order of the Workers' Compensation Court of Appeals denying its petition to vacate the court's previous order setting aside the determination of third-party credit made by the Workers' Compensation Division. Appeal stayed and the matter remanded to the Aitkin County District Court for proceedings consistent with this opinion.

The issue is whether notice to an interested employer of a petition to distribute the proceeds of a wrongful death action settlement reached between a recipient of workers' compensation benefits and a third-party tortfeasor is compulsory. We hold that it is.

Russell Nelson, an employee of the Department of Natural Resources, was killed within the course and scope of that employment. As a result, workers' compensation benefits were paid by the state to Nelson's widow and two minor children; upon his widow's remarriage, only the children were eligible to receive continued compensation benefits.

The widow-plaintiff instituted a wrongful death action against the third-party tortfeasor which culminated in a settlement of $130,000. Thereafter, she petitioned the district court and was granted a distribution of the settlement proceeds. While there is a dispute as to whether the state received notice of the petition, it is clear it did not respond.

The third-party subrogation manager of the Workers' Compensation Division thereafter made a determination of third-party credit in accordance with Minn.Stat. § 176.-061, subd. 6 (1980) at the request of the state. The children petitioned to vacate that award, asserting that the proceeds of the settlement received by the widow were erroneously considered in the determination of the employer's subrogation credit against the balance of proceeds held by the children. The Workers' Compensation Court of Appeals concluded that the compensation division was without jurisdiction to modify the decision of the district court by con-

sidering the widow's proceeds in the determination of credit and vacated the determination. The denial of the state's subsequent petition for rehearing precipitated this appeal from the order vacating the determination of third-party credit.

The state's focal contention is that the determination entered by the compensation division should be reinstated, asserting that the state was not served with notice of the distribution petition to the district court and cannot therefore be bound by the resultant order of distribution. In its view, the compensation division is free to conduct its inquiry de novo to determine the proper allocation of the proceeds.

■ An examination of Minn.Stat. § 573.02 (1980) shows that this argument must fail. By its explicit terms, the statute vests the district court with exclusive jurisdiction to apportion the proceeds from a wrongful death action settlement. The Workers' Compensation Division is therefore bound by that distribution; any challenges to that order made by the state in the workers' compensation forum are collateral and unavailing. *See Rascop v. Nationwide Carriers*, 281 N.W.2d 170 (Minn.1979); *Courtney v. Babel*, 293 Minn. 328, 198 N.W.2d 566 (1972).

■ Recognizing this jurisdictional limitation, we are nonetheless persuaded that notice of a petition to distribute the settlement proceeds of a wrongful death action should be given to an employer with a workers' compensation subrogation interest to protect. *See* Minn.Stat. § 176.061(5)(a) (1980). We have previously commented upon the critical nature of notice in cases involving pending settlements between recipients of compensation benefits and third-party tortfeasors. *See Naig v. Bloomington Sanitation*, 258 N.W.2d 891 (Minn.1977); *Lang v. William Bros. Boiler & Manufacturing Co.*, 250 Minn. 521, 85 N.W.2d 412 (1957). It is our view that notice to interested employers is no less important when a petition to distribute proceeds is involved. For that reason, we hold that the failure to provide an interested employer with notice of a petition to distribute the proceeds of a

wrongful death action may invalidate the distribution obtained. The practical effect of our decision is that a plaintiff, able under the circumstances to ascertain the identity and interest of the employer, must provide the latter with notice so that the employer might take steps to protect its interest in the outcome.

Our attention is then directed to Minn. Stat. § 176.061, subd. 8 (1980) which provides that a failure to give notice to the state, as an interested employer, of a settlement reached between an employee and a third-party tortfeasor renders the settlement invalid. The respondent draws an analogy between that procedure and one in which a petition to distribute settlement proceeds is concerned and argues that a statute requiring notice only when the state is the employer is constitutionally infirm because it fails to treat all employees uniformly. In its view, that section distinguishes between employees of the state and all other employees and violates respondent's right to equal protection under the laws. U.S.Const. Amend. XIV.

■ This court enunciated the test for evaluating the constitutionality of a legislative classification in *Schwartz v. Talmo*, 295 Minn. 356, 205 N.W.2d 318 (1973). To survive challenge, a classification must apply uniformly to all those similarly situated; be necessitated by genuine and substantial distinctions between the two groups; and effectuate the purpose of the law. 295 Minn. at 362, 205 N.W.2d at 322.

■ An examination of those factors requires the conclusion that Minn.Stat. § 176.-061, subd. 8 (1980) is unconstitutional. The classification set out by that statute does not apply uniformly to a similarly situated group, employees, and instead distinguishes the state as an employer from all other employers and accords its interests greater protection. Additionally, we find no genuine or substantial distinctions between the state as an employer and all other employers and that the purposes of the Workers' Compensation Act, Minn.Stat. § 176.011, *et seq.* (1980), are not advanced by elevating

the rights of the state to a position of greater protection than that accorded other employers. The classification is not rationally related to a legitimate governmental purpose and its implementing legislation must therefore be declared unconstitutional. *See Kossak v. Stalling*, 277 N.W.2d 30 (Minn.1979). In our view, the effect of a plaintiff's failure to provide notice of a petition to distribute proceeds is the same without regard to the nature and status of an employer and upon a proper showing by an employer, a district court should invalidate any distribution order obtained without service of this requisite notice.

While the record here establishes that the relator made no attempt to obtain relief in the district court, the state concedes that it did have actual notice of that court's order for distribution within 30 days of its entry. Instead, the state attempted to collaterally attack the order by seeking a de novo determination from the Workers' Compensation Division. While such procedure is impermissible and might well have justified a dismissal of this appeal, the compelling consideration of providing a forum for a potentially injured interested employer without notice dictates a different result.

As directed by Minn.Stat. § 573.02 (1980), the district court has exclusive jurisdiction to examine and balance the equities presented by this case. For that reason, it is our view that the district court should conduct supplemental proceedings to consider whether the state received notice of the petition to distribute the settlement proceeds and, also, whether the state waived its right to complain about a lack of notice by failing to seek relief in the district court.

In its examination of these preliminary questions, the district court should employ the standard that requisite notice shall be actual notice of the petition received in sufficient time to enable the employer to intervene and effectively participate in a resolution of the petition. The notice must be sufficient to effect substantial compliance with Minn.Stat. § 176.061, subd. 9 (1980). *See Kossak; Kelly v. City of Rochester*, 304 Minn. 328, 231 N.W.2d 275 (1975).

A finding by the court that the state was given notice will require the termination of the supplemental proceedings discussed herein. If, on the other hand, the state was not provided with the required notice, the district court must address the question of waiver.

There is no dispute that the state did receive actual notice of the order of distribution within 30 days of its filing. At that time, the state had the opportunity to petition the district court to reopen the proceedings and, if successful, to petition to intervene as a matter of right. Minn.Stat. § 176.061, subd. 5(a) (1980). Upon remand, the court shall determine whether the state's failure to take advantage of this avenue of redress constitutes a waiver of the right to challenge the distribution order. If that court finds that no waiver has occurred, it shall then vacate the order of distribution and hold a hearing to determine the appropriate distribution in accordance with the arguments of counsel representing all parties.

The appeal on the writ of certiorari to review a decision of the Workers' Compensation Court of Appeals is hereby stayed pending a remand in accordance with this decision to the Aitkin County District Court for supplemental proceedings.

SHERAN, C. J., took no part in the consideration or decision of this case.