**Glenda Marie HEMMESCH, widow of Robert E. Hemmesch, deceased, et al., Relators,**

**v.**

**Roger MOLITOR, d.b.a. Roger's Drywall and Continental Western Insurance Company, Respondents.**

**No. 82–589.**

Supreme Court of Minnesota.

Jan. 14, 1983.

Rinke, Noonan, Grote & Smoley and Gerald W. Von Korff, Sauk Rapids, for relators.

Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan and Gary M. Hagstrom, Minneapolis, for respondents.

PETERSON, Justice.

At the request of Glenda Marie Hemmesch, widow of employee Robert Hemmesch, we issued a writ of certiorari to review a decision of the Workers' Compensation Court of Appeals which reinstated an order of the Workers' Compensation Division computing and awarding respondents a credit for their future compensation liability to Mrs. Hemmesch and the employee's children against a sum received by them in a settlement of their third-party wrongful death action. Although the parties have focused on other issues, we have concluded that the decision and order are of no effect and that the writ must be discharged because the Workers' Compensation Division did not have subject matter jurisdiction over respondents' claim for future credit.

On September 22, 1977, Robert Hemmesch and another employee were killed and two others were injured in an automobile accident in the course of their employment. The widows of the deceased employees and the injured employees brought actions against the drivers in the Stearns County District Court; respondent Continental Western Insurance Company, the employer's compensation insurer, intervened. The defendant's automobile liability insurers then deposited $100,000, the policy limits for their insureds, with the court for distribution among the plaintiffs, and the attorneys for the plaintiffs and for Continental entered upon negotiations to divide that sum. Eventually they reached an agreement under which Robert Hemmesch's widow and children were to receive $36,500, Continental was to receive $8,000, and the other plaintiffs were to receive varying amounts. Continental's attorney drafted an order and a subsequent amended order for disbursement in the manner agreed upon, and these orders were approved and signed by the district court in June 1979. Neither order reserved to the employer-insurer a right to claim future credit against the amounts allocated to the plaintiffs for future compensation liability. Nevertheless, Continental's attorney promptly requested the Workers' Compensation Division to compute such a credit pursuant to Minn.Stat. § 176.061 (1980). On October 11, 1979, the Division's subrogation manager issued a determination that Continental was entitled to future credit of $13,378.84 against the compensation due Hemmesch's widow and children.

Nearly 5 months later Mrs. Hemmesch appealed to the Court of Appeals. Following a hearing on September 2, 1980, that court remanded the matter for an evidentiary hearing before a compensation judge on the issues of whether the employer-insurer had intended to waive their claim for future credit and what the parties had intended in their agreement for distribution of the insurance proceeds which had been deposited for settlement of the third-party actions. Following this hearing the compensation judge found that the employer-insurer's attorney had not intended to waive future credit by accepting the $8,000 allocated by the settlement and that Mrs. Hemmesch's attorney did intend the settlement to eliminate any claim to such credit. He concluded that Continental had waived its right to claim the credit by failing to express its intent to do so at the settlement conference among the parties.

On appeal the employer-insurer argued, for the first time, that the Court of Appeals did not have jurisdiction because the appeal from the subrogation manager's order had been untimely. They also argued that the compensation judge's determination on the merits was erroneous. With respect to the claimed jurisdictional defect, the Court of Appeals determined that it had acquired jurisdiction because the parties had appeared before it at the hearing prior to remand without objecting to its jurisdiction. On the merits, it set aside the finding of waiver and ordered the subrogation manager's order reinstated. Dissenting, Judge McCarthy took the position that the Workers' Compensation Division did not have jurisdiction over a settlement ordered by the district court. Our agreement with his view makes it unnecessary to discuss other issues.

The jurisdiction of the Workers' Compensation Division is of course purely statutory, and the majority of the Court of Appeals advanced as a statutory basis for its decision Minn.Stat. § 176.061 (1980). However, that court ignored the fact that the sum which it held subject to the future credit had been allocated to Mrs. Hemmesch for herself and the employee's children by the district court's orders for distribution of the amount accepted in settlement of the wrongful death action. In *Nelson v. State, Department of Natural Resources,* 305 N.W.2d 317 (Minn.1981), we rejected the employer's argument that the Workers' Compensation Division was free to conduct a hearing *de novo* to determine the proper allocation of proceeds received by the employee's dependents through settlement of their action for wrongful death. In *Nelson* we approved the Court of Appeals' position, contrary to the majority's position here, that it did not have jurisdiction to modify a distribution order of the district court. Our holding in that case was based on the fact that Minn.Stat. § 573.02 (1980) explicitly vests the district court with exclusive jurisdiction to apportion the proceeds from a wrongful death settlement. We held that the Workers' Compensation Division was bound by the district court's distribution and that "any challenges to that order in the workers' compensation forum are collateral and unavailing." 305 N.W.2d at 319.

█ In this case also we are compelled to conclude that the Workers' Compensation Division was without jurisdiction to allocate and award the requested future credit since the district court orders for distribution of the wrongful death settlement proceeds did not provide that respondents could subsequently apply for a future credit. In the absence of subject matter jurisdiction, the subrogation manager's order and the Court of Appeals' decision under review are of no effect. Such jurisdiction cannot be conferred by consent of the parties, *Grubb v. Public Utilities Commission,* 281 U.S. 470, 475, 50 S.Ct. 374, 376, 74 L.Ed. 972 (1930), and in its absence the Court of Appeals did not have discretion to consider the merits of the claim. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981). *See also* 20 Am.Jur.2d, Courts, §§ 95, 97 (1965).

Writ discharged.

COYNE, J., took no part in the consideration or decision of this case.