Arlene M. **WALLIN**, et al., Appellants,

v.

Scott Alan **LETOURNEAU**, Respondent,

**Leaders' Enterprises, Inc., d/b/a
The Hitching Post Bar and
Restaurant, Respondent.**

No. C2-94-1046.

Court of Appeals of Minnesota.

Nov. 29, 1994.

Review Granted Jan. 25, 1995.

Walter M. Kaminsky, Terpstra, Black, Brandell, Kaminsky & Hoffman, Elk River, for appellants.

Scott A. Brehm, St. Louis Park, for Scott Alan Letourneau, respondent.

Krister D. Johnson, Michael T. Milligan, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for Leaders' Enterprises, Inc., respondent.

Considered and decided by PETERSON, P.J., and LANSING and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellants challenge the trial court's determination that they failed to provide respondents with sufficient notice of their claim under Minn.Stat. § 340A.802 (1990), the dram shop act. Because respondents received actual notice of appellants' claim, we reverse.

## FACTS

On February 21, 1992, appellant Arlene Wallin collided with a vehicle driven by Scott Letourneau. She and her son, Michael Wallin, were injured. Prior to the accident, Letourneau consumed alcohol at The Hitching Post Bar and Restaurant, an establishment owned and operated by Leaders' Enterprises, Inc. Letourneau's blood alcohol concentration level was .17 percent at the time of the accident. Appellants entered an attorney-client relationship three days after the accident in order to pursue compensation for their injuries. On April 6, 1992, appellants' attorney sent a letter by certified mail addressed to The Hitching Post. The letter contained the required information to put the bar on notice of appellants' intention to bring a negligence claim against it.

Joel Swanson, an employee of The Hitching Post, signed for the letter on April 8, 1992. Swanson does not remember what he did with appellants' letter after he signed for it, but acknowledged placing another certified letter, which he signed for on a separate occasion, on Audrey Leaders' desk. Leaders, the bar manager and an officer of Leaders' Enterprises, claims that she never received appellants' certified letter and only learned about the lawsuit on January 14, 1993, when served with the summons and complaint.

Appellants sued respondents for negligence and eventually settled their claim with Letourneau. Leaders' Enterprises moved for summary judgment, claiming that appellants failed to provide it with sufficient notice of their negligence claim pursuant to Minn. Stat. § 340A.802. The district court found that Leaders "had actual notice [of appellants' claim] if the standard is the greater

weight of the evidence." The court determined, however, that clear and convincing evidence of actual notice was required to withstand summary judgment. The court concluded that appellants failed to establish actual notice by clear and convincing evidence and therefore granted respondent's motion for summary judgment.

## ISSUE

Did appellants provide respondent with sufficient notice of their claim pursuant to Minn.Stat. § 340A.802, subd. 1 (1990)?

## ANALYSIS

■ On appeal from summary judgment, this court must decide whether there are any genuine issues of material fact in dispute, and whether the district court erred in its application of the law. *Admiral Merchants v. O'Connor & Hannan*, 494 N.W.2d 261, 265 (Minn.1992). The determination of whether the notice provision of Minn.Stat. § 340A.802 has been complied with is a jurisdictional matter to be disposed of by the court prior to commencement of trial. *May v. Strecker*, 453 N.W.2d 549, 554 (Minn.App. 1990). The reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

Minn.Stat. § 340A.802, subd. 1 (1990) provides:

> A person who claims damages and a person or insurer who claims contribution or indemnity from a licensed retailer of alcoholic beverages or municipal liquor store for or because of an injury within the scope of section 340A.801 must give written notice to the licensee or municipality.

Such notice must be served by the claimant's attorney within 120 days of the date of entering an attorney-client relationship with the person in regard to the claim. Minn.Stat. § 340A.802, subd. 2 (1990).[1] There is no evidence in the record indicating that Swanson, a bartender, was expressly or impliedly

authorized to act as an agent for Leaders' Enterprises. Thus, appellants failed to strictly comply with the notice requirement. *See* Minn.Stat. § 302A.901 (1990) (service on a corporation must be provided to a registered agent of the corporation, an officer, or the secretary of state); *Miller v. A.N. Webber, Inc.*, 484 N.W.2d 420, 422 (Minn.App. 1992) (service on a corporation is inadequate where employee does not possess powers similar in character and importance to those possessed by the corporation's officers), *pet. for rev. denied* (Minn. June 10, 1992).

■ Because the purpose of section 340A.802 is virtually identical to that of section 466.05 (notice to municipalities), however, we must assess the sufficiency of appellants' notice under the dram shop act in light of our supreme court's analysis of section 466.05. *See Wegan v. Village of Lexington*, 309 N.W.2d 273, 280 (Minn.1981) (purpose of dram shop notice provision is to provide early opportunity to investigate, facilitate negotiation and settlement without litigation, correct defects before others suffer injury, and protect against stale and fraudulent claims); *Hirth v. Village of Long Prairie*, 274 Minn. 76, 79, 143 N.W.2d 205, 207 (1966) (purpose of notice to municipalities is to provide early opportunity to investigate, to settle meritorious claims without litigation, correct deficiencies in municipal functions, and protect against stale or fraudulent claims).

Minn.Stat. § 466.05, subd. 1 (Supp.1991) provides:

> [E]very person * * * who claims damages from any municipality or municipal employee * * * shall cause to be presented to the governing body of the municipality within 180 days after the alleged loss or injury is discovered a notice stating the time, place and circumstances thereof, the names of the municipal employees known to be involved, and the amount of compensation or other relief demanded.

In *Olander v. Sperry & Hutchinson Co.*, 293 Minn. 162, 169, 197 N.W.2d 438, 442 (1972), the supreme court determined that substantial compliance with respect to the adequacy

---

1. In 1993, the legislature amended this subdivision, which now provides that notice be served within 240 days of entering an attorney-client relationship. Minn.Stat. § 340A.802, subd. 2 (Supp.1993).

of the description of the time, place and circumstances surrounding the injury is sufficient for purposes of notice under section 466.05. The court eventually expanded this position to include all other elements of notice under the statute. *See Jenkins v. Board of Educ. of Minneapolis Special Sch. Dist. No. 1,* 303 Minn. 437, 440, 228 N.W.2d 265, 268 (1975) (substantial compliance with the timeliness requirement is sufficient under the statute); *Seifert v. City of Minneapolis,* 298 Minn. 35, 42, 213 N.W.2d 605, 609 (1973) (substantial compliance with the manner of service is sufficient under the statute). With regard to the manner of service, the court stated:

> [T]he purpose of the statute is satisfied once service of the notice is made upon a member of the city council *or any other responsible official reasonably likely to place such notice before the governing body* at its next meeting.

*Seifert,* 298 Minn. at 42, 213 N.W.2d at 609 (emphasis added).

■ Appellants argue that they substantially complied with section 340A.802 by providing respondent with actual notice. *See Kelly v. City of Rochester,* 304 Minn. 328, 333, 231 N.W.2d 275, 278 (1975) (substantial compliance is accomplished by actual notice); *Olson v. Blaeser,* 458 N.W.2d 113, 115 (Minn. App.1990) (actual notice preserves a claim despite failure to serve written notice). We agree.

In *Kelly,* the court found sufficient notice to the municipality where an injury report was prepared and filed with a recreation department official. *Kelly,* 304 Minn. at 332, 231 N.W.2d at 277. The court reasoned that:

> It is a fair and reasonable assumption that [the recreation official] did transmit information about [plaintiff's] serious accident to the city clerk, council, or other officials properly concerned with possible municipal liability.

*Id.* Here, the district court found that:

> There are sufficient facts to convince this Court by the greater weight of the evidence that Audrey Leaders received the April 6, 1992 letter, even though she denies it, and thus the Court believes she had

actual notice if the standard is the greater weight of the evidence.

Nonetheless, the court went on to conclude that clear and convincing evidence of actual notice was required to withstand summary judgment. We disagree.

■ The test to be applied in determining whether a notice of claim is in substantial compliance with the statutory requirements is one of reasonableness. *Olander,* 293 Minn. at 169, 197 N.W.2d at 442.

> It is clear that both the intent of the legislature and the direction of this court's opinions are to liberalize the requirements of the notice-of-claim statute and to make their effect more fair and just.

*Jenkins,* 303 Minn. at 440, 228 N.W.2d at 268. Because the district court reasonably believed that Swanson placed the certified letter on Audrey Leaders' desk and that Leaders received it, appellants met their burden of establishing that respondent received actual notice of appellants' claim under Minn. Stat. § 340A.802.

### DECISION

Appellant substantially complied with the notice requirement of Minn.Stat. § 340A.802 by providing respondent with actual notice of appellants' claim. Accordingly, we reverse and remand to the district court for further proceedings.

**Reversed and remanded.**